EDWARDS, Judge.
This is a suit for damages resulting from an alleged illegal detention for suspected shoplifting. Appellant Jenny Lynn Smith Mapes appeals the decision of the trial court which dismissed her suit against National Food Stores of Louisiana, Inc. and its agents and employees James Blair and Thompson Foret.
There are two primary issues presented in this appeal: (1) whether or not there was reasonable cause to detain Mrs. Mapes for questioning and (2) whether the inquiry was conducted in a reasonable and sufficient manner.
On September 12, 1972 Jenny Lynn Smith Mapes was shopping in the National Food Store in Hammond, Louisiana. While in the store she put a small package of alka seltzer'in her purse and may or may not have put four packages of meat marinade in her purse also.
Mrs. Mapes was observed by a security guard, James Blair, both while doing her shopping and while checking out. After she exited the checkout counter, Blair confirmed with the cashier that Mrs. Mapes had not checked out nor paid for any alka seltzer. Thereupon Blair followed her into the parking lot and questioned her.
At Blair’s request Mrs. Mapes returned into the store, went to the “breakroom” (for employee coffee and cigarette breaks), and exposed the contents of her purse. Included therein were a package of alka seltzer and four packages of meat marinade. Present in the room were an assistant manager and several other employees. Mrs. Mapes signed a statement that she took the alka seltzer without having paid for them, the police were called, and she was taken to the police station.
Where the detention complained of is authorized by La.Code Crim.P. art. 215, the merchant will be immune from criminal and civil liability. For this privilege to be operative, that statute simply requires a reasonable cause in the mind of the merchant to believe that the person has committed a theft. The article does not address, and we are not concerned with, the state of mind of the person detained. That issue, the criminal intent, is relevant only in determining guilt or innocence of a criminal charge.
Blair, the security guard, observed Mrs. Mapes put the alka seltzer in her purse and leave the store. After he ascertained that the item had not been checked out, he followed Mrs. Mapes into the parking lot, verified that she had the alka seltzer, and asked her to return into the store. Clearly Blair had reasonable cause at that point to believe a theft had been committed. The initial detention was therefore privileged;
Appellant next complains that the inquiry was conducted in an unreasonable manner; that it was calculated to humiliate the appellant rather than to determine whether there was a reasonable explanation for appellant’s actions.
*833 In the break room, Mrs. Mapes was asked to and did sign a statement admitting that she took the alka seltzer without paying for it. Basically, this was the extent of the inquiry. Appellant did not and does not now in brief deny the admissions in the statement. Her complaint is that the refusal to investigate further her insistence that she did not intend to take the item without paying for it renders the inquiry arbitrary and unreasonable.
We cannot agree. There was no way to verify appellant’s state of mind. She pointed out no facts by which her story could have been corroborated. The investigation was as complete as possible under the circumstances. In the absence of any other showing of ill treatment of the appellant, we hold the manner of inquiry reasonable and the privilege properly maintained.
The decision of the trial court is affirmed at appellant’s cost.
Affirmed.