Howard A. HAINZ and Paul E. Fremlin, Plaintiffs-Respondents,†

v.

SHOPKO STORES, INC., Defendant-Appellant.

Court of Appeals

*No. 83–2129. Submitted on briefs July 31, 1984.—
Decided October 3, 1984.*
(Also reported in 359 N.W.2d 397.)

† Petition to review denied.

For the defendant-appellant, the cause was submitted on the briefs of *Russell M. Ware* and *Robert T. Ward*, of *Schoone, McManus, Hankel, Ware & Fortune, S.C.*, of Racine.

For the plaintiffs-respondents, the cause was submitted on the brief of *John F. Kerscher*, of *Constantine, Christensen, Krohn & Kerscher, S.C.*, of Racine.

Before Scott, C.J., Brown, P.J., and Robert W. Hansen, Reserve Judge.

BROWN, P.J.   This case interprets sec. 943.50 (3), Stats., the statute immunizing merchants from such claims as false imprisonment for shoplifting detentions.[1]

---

[1] At common law, a merchant could also be subjected to liability on grounds of false arrest, malicious prosecution, assault and bat-

Merchants are protected from liability as long as they have probable cause to detain and as long as they detain only for a reasonable manner and a reasonable time. The issue here is whether "reasonable manner" means that a merchant has a duty to fully investigate each charge including the alleged shoplifter's side of the story. We hold that the statute does not place that duty upon the merchant, and, therefore, the merchant in this case, Shopko Stores, should have been granted dismissal of the case. We reverse.

On October 15, 1981, plaintiffs Hainz and Fremlin went into the Racine Shopko store to buy some hunting arrows and other items. While in the sporting goods department, a store employee allegedly saw Fremlin remove the price tags from arrows marked two for $1.29 and place the tags on higher priced arrows. Hainz and Fremlin then proceeded to the checkout counter and purchased the arrows. The two were stopped by Shopko security personnel and taken to a room. Hainz and Fremlin were asked to sign a confession. They refused, and the police were called. The total detention time was approximately fifteen minutes. Both Hainz and Fremlin were charged with shoplifting but were acquitted after court trials.

The plaintiffs then brought this action, claiming they had been falsely imprisoned by the employees of Shopko. Shopko claimed immunity from civil liability for the actions of their employees under sec. 943.50(3), Stats. At the close of the plaintiffs' case, Shopko moved to dismiss on the ground that there was no credible evidence to support the claim that the plaintiffs were unreasonably detained. The trial court denied the motion. The jury found Hainz and Fremlin had been unreasonably detained and awarded compensatory damages in the amounts of $182.68 and $75.00, respectively. The jury further found

tery or slander. Comment, *Shoplifting: Protection For Merchants In Wisconsin*, 57 Marq. L. Rev. 141, 145 (1973).

the conduct of Shopko's employees was in wanton, willful or reckless disregard of the plaintiffs' rights and awarded each of them $6,250 in punitive damages.

Section 943.50(3), Stats., affords civil and criminal immunity to a shopkeeper for detaining a suspected shoplifter under certain circumstances. It reads:

(3) A merchant or merchant's adult employe who has probable cause for believing that a person has violated this section in his or her presence *may detain the person in a reasonable manner* for a reasonable length of time to deliver the person to a peace officer, or to his or her parent or guardian in the case of a minor. The detained person must be promptly informed of the purpose for the detention and be permitted to make phone calls, but he or she shall not be interrogated or searched against his or her will before the arrival of a peace officer who may conduct a lawful interrogation of the accused person. Any merchant or merchant's adult employe who acts in good faith in any act authorized under this section is immune from civil or criminal liability for those acts. [Emphasis added.]

Shopko maintains their employees acted in accordance with the statutory directive and that they were improperly denied immunity from liability. Hainz and Fremlin, on the other hand, assert that they were not detained "in a reasonable manner," and, therefore, Shopko cannot take advantage of the immunity statute. They testified that after they were informed of the "ticket-switching" accusation, they were asked to sign a confession. They refused and vehemently denied their guilt. They then asked the Shopko employees to check the price tags in the sporting goods department to verify their innocence. This was not done.

Later that day, after they had been released from police custody, Hainz and Fremlin returned to the Racine Shopko store and purchased the same arrows they had previously purchased. They were charged the lower price. The plaintiffs maintain that their detention was con-

ducted in an unreasonable manner due to the unwillingness of the Shopko employees to return to the sporting goods portion of the store and check the price of the arrows in question.

Before addressing the merits, we must first explain the proper standard of review. The sole question here is whether the phrase "in a reasonable manner" includes the affirmative duty to investigate. Thus, we are concerned with construction of the statute. Construction of a statute is a question of law as is the application of a statute to a particular set of facts. *Bitters v. Milcut, Inc.*, 117 Wis. 2d 48, 49, 343 N.W.2d 418, 419 (Ct. App. 1983). It is uncontroverted that there was a failure to investigate. Where there is no conflict in the evidence regarding the length of time and the circumstances under which the customer was held, the reasonableness of the detention is one for the court. *See Lindsey v. Sears, Roebuck and Co.*, 389 So. 2d 902, 904–05 (La. Ct. App. 1980). We conclude this issue is a question of law that we may review independent of the trial court's determination.

In interpreting a statute, we must first look to the plain meaning of the statute. *State ex rel. E.R. v. Flynn*, 88 Wis. 2d 37, 42, 276 N.W.2d 313, 316 (Ct. App. 1979). If the statute is still ambiguous after reading it for its plain meaning, we must then look to intrinsic and extrinsic aids in order to determine legislative intent. *Id.*

At common law, a merchant was without privilege to detain a shoplifter without a warrant, even if the misdemeanor was committed in his presence. *Radloff v. National Food Stores, Inc.*, 20 Wis. 2d 224, 228, 121 N.W.2d 865, 867, *reh'g denied*, 20 Wis. 2d 237a, 123 N.W.2d 570 (1963). Suits such as false imprisonment, which is the unlawful restraint by one person of the physical liberty of another, predominated in those instances. *See Lane v. Collins*, 29 Wis. 2d 66, 69, 138 N.W.2d 264, 266 (1965).

The plain meaning of sec. 943.50(3), Stats., is to immunize the merchant from such suits as long as two prongs are satisfied. First, the merchant must have had probable cause to believe that a person committed the crime of shoplifting. Second, the qualified privilege of detention without fear of liability may be lost by the manner in which it is exercised. Although probable cause gives the merchant a right to detain, such person may only be detained in a reasonable manner and only for the reasonable length of time necessary. Therefore, we know from the plain meaning of the statute that probable cause will give the merchant the immunity desired but that the immunity can be lost if the detention is unreasonable in time or manner.

There is no dispute that the merchant had probable cause. The dispute is whether the immunity was lost by reason of the merchant's subsequent action. The plain meaning of the statute does not help us with this question, and we must turn to extrinsic aids for guidance.

An extrinsic aid which helps in analyzing statutes is the use of judicial interpretation of similar statutes in other states. *Flynn* at 44, 276 N.W.2d at 316. In examining case law of other jurisdictions where the reasonableness of a customer's detention is raised, we find that the inquiry focuses on two major components: (1) whether the merchant's behavior was rude to the point of public embarrassment, and (2) the physical environment of detention. Specifically, the inquiries include: whether the employee's manner was harsh, loud or abusive;[2] whether the questioning took place in a public or private area;[3]

---

[2] *Meadows v. F.W. Woolworth Co.*, 254 F. Supp. 907, 908–09 (N.D. Fla. 1966); *Lerner Shops of Nevada, Inc. v. Marin*, 423 P.2d 398, 400 (Nev. 1967).

[3] *Lindsey v. Sears, Roebuck and Co.*, 389 So. 2d 902, 905 (La. Ct. App. 1980); *Thompson v. LeBlanc*, 336 So. 2d 344, 349 (La. Ct. App. 1976); *J.C. Penney Co. v. Cox*, 148 So. 2d 679, 684–85 (Miss. 1963).

whether unreasonable force was used in detaining the suspect,[4] and whether there was a general showing of ill treatment toward the suspect.[5] As summarized by one court, "the qualified privilege under the statute does not give the merchant the right to embarrass or harass individuals suspected, in public view of every one, in a rude manner." *J.C. Penney Co. v. Cox*, 148 So. 2d 679, 685 (Miss. 1963). No case contains, as one of its elements, the affirmative duty of the merchant to investigate the customer's recitation of events.

We are further impressed by the early case of *Collyer v. S.H. Kress Co.*, 54 P.2d 20 (Cal. 1936). In that case, the doctrine of probable cause for detaining a shoplifter was first introduced. Comment, *Shoplifting: Protection For Merchants In Wisconsin*, 57 Marq. L. Rev. 141, 153 (1973). In this court's opinion, it is also the blueprint for language found in most merchant immunity statutes in the United States. It was the *Collyer* case which first coined the phrases "reasonable manner" and "reasonable length of time." An examination of that case convinces us that the term "reasonable manner" was equated by that court to mean reasonable *force* in detaining. We conclude that "reasonable manner" means that the right to detain is no license to use unjustifiable force, physical detention in dark rooms or the like,[6] or

---

[4] *Thompson*, 336 So. 2d at 349; *Lerner Shops*, 423 P.2d at 400.

[5] *Mapes v. National Food Stores of Louisiana, Inc.*, 329 So.2d 831, 833 (La. Ct. App. 1976).

[6] We observe that *Johnson v. K-Mart Enterprises, Inc.*, 98 Wis. 2d 533, 540, 297 N.W.2d 74, 78 (Ct. App. 1980), is in harmony with our interpretation. Although the case addressed different issues, the court discussed the plaintiff's contention that the manner of detention was unreasonable because the public nature of the customer's place of detention was allegedly improper. The customer was interrogated in a public, not a private, place. The court ruled that because she did not ask to go to a more private place, the detention was carried out in a reasonable fashion. The

ill treatment. Neither is it a license to insult or abuse the customer by excessive vehemence.

Finally, we note that another aid to statutory interpretation is that statutes in derogation of the common law must be strictly construed. *LePoidevin v. Wilson,* 111 Wis. 2d 116, 129, 330 N.W.2d 555, 562 (1983). We reiterate that the common law gave merchants no immunity from suits arising out of detention of a customer against that person's will. The statute is in derogation of the common law. It greatly limits the merchant's actions and provides guidelines to protect the individual. The statute provides that the merchant may detain the customer; it does not allow an arrest. At common law, investigation and arrest were the domain of law enforcement officials. In the absence of clear language in the statute, we must presume that this has not changed. Indeed, the statute specifically provides that it is the peace officer's job, upon arrival, to conduct a lawful interrogation of the accused person. The only fair reading is that it is also the officer's job to make an investigation and, possibly, an arrest. Investigation of the customer's account of the events is more properly undertaken by the police upon arrival, not by the merchant beforehand.[7] Strictly construing the statute, the merchant has no affirmative duty to investigate the customer's account of the events because that duty would be inconsistent with common law.

An examination of all the evidence presented, when taken in a light most favorable to the plaintiffs, only permits us to conclude that the detention was reasonable. The record contains no evidence that the Shopko em-

court, therefore, focused on the place of detention as being part of its discussion of "reasonable manner" of detention.

[7] This is not to suggest that a merchant may not voluntarily agree to investigate a customer's claims. We only state that it is not the merchant's affirmative duty to do so.

ployees were abusive, that any force was used or that the questioning took place in a public environment subjecting the plaintiffs to humiliation and embarrassment. Further, there has been no evidence to indicate that the Shopko employees were not acting in good faith when they detained the plaintiffs.[8] The plaintiffs have relied solely on the failure of the Shopko employees to investigate as constituting an unreasonable detention. As we have already held that investigation is not a proper element of a reasonable detention, no credible evidence exists to support the jury's verdict.

Therefore, we reverse this judgment and remand with directions to the trial court to grant the defendant's motion for a directed verdict.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[8] Good faith is also an ingredient, the lack of which subjects the merchant to suit. In the context of sec. 943.50(3), Stats., however, good faith is an element concerned only with three events: (1) the detained person must be promptly informed of the purpose of the detention; (2) he or she must be permitted to make phone calls, and (3) he or she may not be interrogated or searched against his or her will before arrival of a peace officer. If there is a claim that one of these three acts was not done, the merchant is still immune if the action that was taken was done in good faith that the statute was being complied with.