STATE of Wisconsin EX REL. Edward G. YOUNG,
Plaintiff-Appellant

v.

Kenneth A. SHAW, President, University of Wisconsin
System, Ralph E. Hanson, Director, University of Wis-
consin Department of Police & Security, Robert
Hartwig, Captain, University of Wisconsin Department
of Police & Security, and C. William Foust, District
Attorney, Dane County, Defendants-Respondents.

Court of Appeals

*No. 90-0576. Submitted on briefs January 8, 1991.—Decided
October 24, 1991.*

·(Also reported in 477 N.W.2d 340.)

279

For the plaintiff-appellant the cause was submitted on the briefs of *E. Gordon Young* of Madison.

For the defendants-respondents the cause was submitted on the briefs of *Cal W. Kornstedt,* Dane County Corporation Counsel, with *Margaret L. O'Donnell,* deputy corporation counsel.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.  Edward Young appeals from an order dismissing his complaint. Young sought mandamus to compel the release of University of Wisconsin police records regarding their investigation of an automobile accident which resulted in a criminal charge against him. The records at issue are a uniform traffic accident report, a narrative report referred to in the accident report, a dispatch record and photographs. Young also sought costs, fees, and damages from the defendants for having denied him access to those materials. The defendants are Kenneth Shaw, president of the University of Wisconsin system; Robert Hartwig, captain of the University Police Department; Ralph Hanson, chief of that department; and, C. William Foust, the Dane County District Attorney.

We deem the issues to be (1) whether by virtue of sec. 346.70(4), Stats.,[1] Young had the right to examine or copy the items he sought; (2) whether after the university police delivered the items to the district attorney, Young had the right under the open records law, secs.

---

[1] At this point, we need only note that sec. 346.70(4)(f), Stats., provides in substance that "any person" may examine or copy a uniform traffic accident report and photographs retained by an investigating law enforcement agency.

281

19.31–19.39, Stats., to inspect them; (3) if so, whether Young "prevailed" in his mandamus action against the district attorney even though Young inspected the items while that action was pending; and, (4) if so, whether Young, who is a lawyer representing himself *pro se,* may be awarded fees under sec. 19.37(2), Stats.

We conclude that Young had the right to examine or copy the complete accident report (including the narrative report) and photographs under sec. 346.70(4), Stats., but not the dispatch record. We conclude that the common law rule that a defendant is not entitled to inspect the evidence and other information in the hands of the prosecution is inapplicable to the items covered by sec. 346.70(4). For that reason, even after they were delivered to the district attorney, Young had the right under the open records law to inspect the complete report and photographs. We conclude that Young "prevailed" in his mandamus action and is entitled to recover from the district attorney damages of not less than $100 and his actual costs under sec. 19.37(2), Stats. We conclude that Young may not be awarded attorney's fees since he represented himself. No basis exists for a punitive damages award under sec. 19.37(3), Stats.[2] We reverse that part of the order dismissing his complaint for costs and damages against the district attorney and remand for further proceedings regarding those items we have held he may recover. We otherwise affirm.

[2]Section 19.37(2), Stats., provides in substance that the court "shall award reasonable attorney fees, damages of not less than $100, and other actual costs to the requester [of a public record] if the requester prevails in whole or in substantial part in [a mandamus action to obtain access to a record or part of a record]." Section 19.37(3), Stats., permits the court to award punitive damages for an arbitrary and capricious denial or delayed response to a request.

Following a bench trial, the trial court found that on February 16, 1989, the university police received a complaint of a "hit and run, property damage only" accident at a university parking area in Madison. Young's vehicle was alleged to have left the scene of the accident with another vehicle. The record contains a "Wisconsin Motor Vehicle Accident Report," a form marked "MV4000." It bears the name of Officer Burke and apparently was prepared by him. The court found Burke filed a written report and after it was typed, the handwritten draft was destroyed. This report was referred to in the "narrative" part of the uniform traffic report as follows: "SEE OFFICERS REPORT REFERENCE THIS CASE NUMBER 153468." We refer to the latter report as Burke's narrative. Burke's narrative relates his conversations with the complainant and Young regarding the accident and its aftermath, his observations of both vehicles and it states that photographs were taken of them. The record shows that on March 6, 1989, Young was charged with leaving the scene of an accident involving only property damage, contrary to sec. 346.67(1), Stats., a misdemeanor.

The court found that on March 7, 1989, Young made an oral demand at the university police station pursuant to sec. 19.35 and sec. 346.70(4)(f), Stats., for the uniform traffic accident report and related documents. He repeated his demand in writing on March 8. He received a copy of the accident report but was denied a copy of Burke's narrative. The photographs had not yet been developed.

The court found that when confronted with Young's demand, Captain Hartwig contacted an assistant district attorney. She told Hartwig that Young would receive Burke's narrative at his initial appearance on his misdemeanor charge. On March 9 and 14, 1989, Young made

written demands on the district attorney's office for Burke's narrative and the photographs. The record shows that on March 15, Captain Hartwig wrote to Young, stating that "any release of information prior to final disposition of the pending traffic charge is the prerogative of the District Attorney Office."

On March 22, 1989, the assistant district attorney sent a letter informing Young that because the state would be filing criminal charges, his request was covered by secs. 971.23 and 971.31(5)(a), Stats.[3] She stated she would make a copy of the police report available to Young at his initial appearance on March 29. On that day she mailed to him the complete accident report including Burke's narrative. On May 9, 1989, Young first saw the photographs at the pretrial conference on his misdemeanor charge. It is undisputed that at that or a later conference, Young discovered a "dispatch record" showing the time and by whom the accident was reported to the police and that Burke was dispatched to

---

[3]Section 971.23(1), Stats., provides:

> Upon demand, the district attorney shall permit the defendant within a reasonable time before trial to inspect and copy or photograph any written or recorded statement concerning the alleged crime made by the defendant which is within the possession, custody or control of the state including the testimony of the defendant in an s. 968.26 proceeding or before a grand jury. Upon demand, the district attorney shall furnish the defendant with a written summary of all oral statements of the defendant which he plans to use in the course of the trial. The names of witnesses to the written and oral statements which the state plans to use in the course of the trial shall also be furnished.

Section 971.31(5)(a), Stats., provides:

> Motions before trial shall be served and filed within 10 days after the initial appearance of the defendant in a misdemeanor action or 10 days after arraignment in a felony action unless the court otherwise permits.

it. On March 27, 1989, Young filed a complaint seeking mandamus.

The trial court concluded that the university police had complied with sec. 346.70(4)(f), Stats., and that the open records law did not apply to Burke's narrative, since a criminal defendant is not entitled to the prosecution's investigative material. The court found that even if the open records law had been violated, the records were produced, and that the defendants had acted in good faith. The court added that if it were to find that the open records law had been violated, it would award only $1.00 nominal damages and no punitive damages. It would award no attorney's fees because Young failed to prove them. The court dismissed Young's action in its entirety.

Young's action for mandamus to compel access to the records has been mooted by their release to him while his action was pending. *Cf. State ex rel. Morke v. Wisconsin Parole Bd.,* 148 Wis. 2d 250, 253, 434 N.W.2d 824, 825 (Ct. App. 1988) (mandamus under sec. 19.37(1)(a), Stats., properly denied where plaintiff had previously received same records by certiorari). His claim for reasonable attorney's fees, damages and actual costs is not moot. He may recover those items under the open records law, sec. 19.37(2), Stats. (and possibly punitive damages under subsection (3)) if he "prevailed" in whole or in substantial part in his mandamus action.[4] As will be shown, it is possible for a plaintiff to "prevail" in a mandamus action even if access to the records is granted after the action is brought.

We first review Young's right under sec. 346.70(4)(f), Stats., to examine the accident report,

[4]Section 346.70(4)(f), Stats., contains no comparable provision. Young's rights to fees, damages and costs are limited to sec. 19.37(2) and (3), Stats.

Burke's narrative, the dispatch record and photographs while the university police retained them. We do so because, as later developed, we conclude that the statute impresses those materials (except the dispatch record) with a public character and excludes them from the common law rule that a criminal defendant has no right to examine investigative material in the hands of a prosecutor.

Section 346.70(4)(a) and (b), Stats., provides that every law enforcement agency investigating a traffic accident shall forward a report of the accident on a uniform traffic accident report form to the Department of Transportation. Section 346.70(4)(f), Stats., provides in relevant part:

> [A]ny person may with proper care, during office hours, and subject to such orders or regulations as the custodian thereof prescribes, examine or copy such uniform traffic accident reports, including supplemental or additional reports, statements of witnesses, photographs and diagrams, retained by local authorities, the state traffic patrol or any other investigating law enforcement agency.

No issue is raised regarding the university police department's being an "investigating law enforcement agency" for the purposes of sec. 346.70(4)(f), Stats., and the timeliness of Young's demand. No claim is made that the police relied on orders or regulations they had prescribed when they refused to allow Young to examine Burke's narrative.[5] The police had Burke's narrative

---

[5]The defendant argues that to limit disclosure in accordance with the criminal discovery process is a reasonable regulation under sec. 346.70(4)(f), Stats. However, that statute refers to orders or regulations "the *custodian* thereof prescribes." The police did not prescribe the criminal discovery statutes. No show-

when Young made his demand.

The trial court ruled that the phrase "supplemental or additional reports" in sec. 346.70(4)(f), Stats., relates to the "supplemental reports" described in sec. 346.70(3m)(a), Stats.,[6] that Burke's report was not such a "supplemental report," and therefore Young had no right to examine it. The court also ruled that sec. 346.70(4)(f) does not cover the dispatch record and noted that the photographs were not yet available. We cannot accept all of the trial court's reasoning.

Officer Burke's narrative was his own, not that of Young or the owner of the other vehicle or a witness to the accident. Nothing in sec. 346.70(3m) and (4), Stats., excludes the "supplemental reports" referred to in subsection (3m) from their availability for examination under subsection (4)(f). More importantly, Officer Burke's narrative was part of the uniform traffic accident report referred to in the statute, and the accident report itself directed the reader to "see" Burke's narrative.[7]

---

ing was made that the university police had prescribed any pertinent orders or regulations.

[6]Section 346.70(3m)(a), Stats., provides in relevant part:

> The department may require any operator, occupant or owner of a vehicle involved in an accident of which report must be made . . . to file supplemental reports whenever the original report is insufficient in the opinion of the department and may require witnesses of accidents to render reports to the department.

[7]The accident report was a "uniform traffic accident report." Section 346.70(2), Stats., provides in part:

> *Unless a report is made under sub. (4) by a law enforcement agency,* within 10 days after an accident of the type described in sub. (1), the operator of a vehicle involved in the accident shall forward a written report of the accident to the department . . .. Every accident report required to be made in writing shall be made on the appropriate form approved by the department . . .. (Emphasis added.)

287

■ The trial court expressed concern that if sec. 346.70(4)(f), Stats., is broadly read, then defendants in criminal traffic cases have a nearly unlimited precharge and pretrial right of discovery. However, the statute provides that *any* person may examine or copy the accident report and related documents. Young therefore had the right to examine and copy Burke's narrative while it was retained by the university police. The police violated sec. 346.70(4)(f) when they refused to allow Young to examine Burke's narrative.[8]

■ The university police did not violate sec. 346.70(4)(f), Stats., when they failed to allow Young to examine the dispatch record. The statute limits disclosure to the uniform traffic accident report and related items. A record of a dispatch of an officer to an accident is not an accident report.

■ Section 346.70(4)(f), Stats., requires a law enforcement agency to allow examination of photographs related to the accident report. The photographs were

---

Section 346.70(4)(a) and (b), Stats., require every law enforcement agency investigating or receiving a report of a traffic accident described in subsection (1) to forward a report to the department on a uniform traffic accident report form. As we have said, the report which incorporates Burke's narrative is on form "MV4000." That form is prescribed by the department of transportation. *See* notes appended to Wis. Adm. Code secs. Trans. 100.01 and 100.03.

[8]In 1963, by contrast, the same statute required local authorities to keep accident reports *confidential.* Section 346.70(4)(f), Stats. (1963), stated in part: "All [accident] reports shall be confidential . . .." In 1965, the legislature amended the statute to allow inspection. Chapter 370, Laws of 1965.

unavailable when Young made his demands on the university police. The police did not violate the statute with respect to the photographs. We do not decide whether a law enforcement agency must allow examination or copying of film negatives or must develop photographs to satisfy a demand. Young's demands did not go that far.

We turn to Young's right under sec. 346.70(4), Stats., vis-a-vis the district attorney. That statute imposes a duty on various agencies including any "investigating law enforcement agency." It does not expressly impose a duty on a district attorney. Article 6, sec. 4(1) of the Wisconsin Constitution refers to district attorneys as "elected county officers." Young's right, if any, to inspect Officer Burke's narrative and the photographs in the hands of the district attorney must be based on the open records law, secs. 19.31–19.39, Stats.

Section 19.35(1)(a), Stats., provides in relevant part: "Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect." No issue is raised as to whether Young is a requester or the uniform traffic accident report is a record. Young had the right to inspect the entire accident report and the photographs in the possession of the district attorney, unless a statute or common law principle denied him that right.

We look first to the common law. We do so because common law limitations on the public's access to public records continue notwithstanding the open records law. *State ex rel. Bilder v. Township of Delavan,* 112 Wis. 2d 539, 552, 334 N.W.2d 252, 259 (1983). The common law

rule is that, subject to constitutional considerations,[9] a criminal defendant has no right of discovery. *State v. Miller,* 35 Wis. 2d 454, 474, 151 N.W.2d 157, 166 (1967). "[T]he rule is well established that 'one accused of crime enjoys no right to an inspection of the evidence relied upon by the public authorities for his conviction.' " *State v. Herman,* 219 Wis. 267, 274, 262 N.W. 718, 722 (1935), *quoting* from *State ex rel. Spencer v. Freedy,* 198 Wis. 388, 392, 223 N.W. 861, 862 (1929), and *citing Steensland v. Hoppmann,* 213 Wis. 593, 599, 252 N.W. 146, 148 (1934), *State ex rel. Schroeder v. Page,* 206 Wis. 611, 615, 240 N.W. 173, 174 (1932), and *Santry v. State,* 67 Wis. 65, 66, 30 N.W. 226, 227 (1886).[10]

Section 346.70(4)(f), Stats., plainly allows "any person" to examine or copy a uniform traffic accident report and related materials retained by, in this case, the police. Because the statute grants the right to "any person," it impresses accident reports and related materials with the character of public records. That character is inconsistent with the common law rule allowing the prosecution to withhold investigative material from a criminal defendant. We conclude that sec. 346.70(4)(f) creates a limited exception to the common law rule that the prosecution may withhold investigative material from a criminal defendant. The exception is limited to

---

[9]*See Brady v. Maryland,* 373 U.S. 83, 87 (1963) (prosecution violates due process by suppressing evidence material to guilt or punishment).

[10]The attorney general has relied on these cases to support an opinion that a prosecutor's case files are not subject to access under the open records law. 74 Op. Att'y Gen. 4 (1985). That opinion did not deal with access to uniform traffic accident reports under sec. 346.70(4)(f), Stats., and the effect of that statute on the common law rule.

the material described in that statute. It follows that such an accident report and the materials described in that statute are subject to access under the open records law, secs. 19.31-19.39, Stats., unless some other statute restricts the right of access.

The criminal procedure statutes relied on by the assistant district attorney to postpone Young's inspection of the accident report and photographs in the hands of the district attorney do not restrict Young's right of access under the open records law. Nothing in the open records law requires a criminal defendant to comply with the rules of criminal procedure to obtain a record as to which the defendant has a right of access under sec. 19.35(1)(a), Stats. The right under the open records law is entirely different from the limited right under sec. 971.23(1), Stats. The open records law, sec. 19.35(4)(a), Stats., requires that a request be filled or denied "as soon as practicable and without delay." The right of access under the open records law extends to the entire accident report, regardless of its contents. Section 971.23(1) if far more limited. It permits a defendant within a reasonable time before trial to inspect and copy or photograph any written or recorded statement made by the defendant "concerning the alleged' crime made by the defendant . . .." It also requires the district attorney to furnish a defendant with the names of witnesses who gave written and oral statements which the state plans to use in the course of the trial.

■■

We conclude that the district attorney violated the open records law by withholding Officer Burke's narrative from Young until March 29, 1989, and withholding the photographs from him until May 9, 1989.

Young is entitled to recover his reasonable attorney's fees, compensatory damages and other actual costs under sec. 19.37(2), Stats., if he prevailed "in whole or in substantial part" in his mandamus action filed on March 27, 1989. A judgment or an order favorable in whole or in part in a mandamus action is not a necessary condition precedent to a finding that a party prevailed against an agency under sec. 19.37(2). *Racine Educ. Ass'n v. Board of Educ.,* 129 Wis. 2d 319, 328, 385 N.W.2d 510, 513 (Ct. App. 1986). "This is because the purpose of the statute is to encourage voluntary compliance; if the government can force a party into litigation and then deprive that party of the right to recover expenses by later disclosure, it would render the purpose nugatory." *Id.*

To determine whether a plaintiff has "prevail[ed] in whole or in substantial part" for purposes of sec. 19.37(2), Stats., we usually apply the analysis in *Cox v. United States Dep't of Justice,* 601 F.2d 1 (D.C. Cir. 1979) (per curiam). *Racine Educ. Ass'n,* 129 Wis. 2d at 326-27, 385 N.W.2d at 512-13. The *Cox* court held that a party claiming to have prevailed must show a causal nexus between the mandamus action and the agency's surrender of the information sought. The *Cox* court said that in deciding whether a causal nexus exists, it is appropriate

to consider, *inter alia,* whether the agency, upon actual and reasonable notice of the request, made a good faith effort to search out material and to pass on whether it should be disclosed . . .. If rather than the threat of an adverse court order either a lack of actual notice of a request or an unavoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to

respond to a request, then it cannot be said that the complainant substantially prevailed in his suit.

*Cox,* 601 F.2d at 6.

Here, however, the assistant district attorney never complied with the open records law. She complied only with other statutes she erroneously believed were applicable. She insisted that Young had no right to inspect the complete accident report except as allowed under the criminal procedure statutes. It took Young's appeal to establish his right of inspection under the open records law.

■■■

Given these circumstances, to deprive Young of his right to recover damages and his litigation expenses would frustrate and indeed negate the purpose of the open records law rather than encourage compliance with it. We hold that Young "prevailed" within the meaning of sec. 19.37(2), Stats. Consequently, Young is entitled to recover his expenses and damages from the district attorney under that statute.[11]

Young asked the trial court to award compensatory damages, punitive damages and attorney's fees. Section 19.37(2), Stats., provides in relevant part: "The court shall award reasonable attorney fees, damages of not less than $100, and other actual costs to the requester if the requester prevails in whole or in substantial part [in a mandamus action]." Young ultimately prevailed.

[11]Young has not briefed the question whether he has an assertable right against the police under both sec. 346.70(4)(f), Stats., and the open records law. He has a right against the police under sec. 346.70(4)(f), but that statute does not allow an award of fees or costs for a violation. He has a right against the district attorney under the open records law, which allows a fee award, but not to examine or inspect the accident report under sec. 346.70(4)(f).

■■

Young failed to prove his compensatory damages, but even without proof, he is entitled to "damages of not less than $100" and to his actual costs. *Id.* On remand, the trial court shall award Young $100 in damages and his actual costs.

■■■■

Section 19.37(3), Stats., allows a punitive damage award "[i]f a court finds that an authority or legal custodian under s. 19.33 has arbitrarily and capriciously denied or delayed response to a request . . .." A decision is arbitrary and capricious if it lacks a rational basis or results from an unconsidered, willful and irrational choice of conduct. *Wisconsin Pub. Serv. Corp. v. Public Serv. Comm'n,* 109 Wis. 2d 256, 263, 325 N.W.2d 867, 870 (1982). When, as here, the facts have been established, whether a decision is arbitrary or capricious is a question of law. *Id.* at 265, 325 N.W.2d at 871. No basis exists for an award of punitive damages. The assistant district attorney expressed to the trial court what she believed was a legal basis for denying Young's immediate access to the complete accident report and photographs. That she was wrong does not justify punitive damages. The court found that she acted in good faith.

We turn to the attorney's fees issue under sec. 19.37(2), Stats. Young may be entitled to his fees on appeal even if he failed to prove fees before the trial court. *See Palfrey v. DHSS,* 163 Wis. 2d 405, 419, 471 N.W.2d 295, 301 (Ct. App. 1991) (statute awarding costs to "prevailing party" includes reasonable attorney's fee on successful appeal).

However, Young is an attorney and he represented himself in this action and on this appeal. We asked the parties to brief the question whether a *pro se* litigant-attorney may be awarded fees under sec. 19.37(2), Stats.,

in view of the reasoning in *Kay v. Ehrler,* 111 S. Ct. 1435 (1991). The *Kay* court held that a *pro se* litigant-attorney is not entitled to fees under 42 U.S.C. sec. 1988, which provides in relevant part: "[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . .." The court reasoned that Congress likely contemplated an attorney-client relationship as a predicate for an award. *Id.* at 1437. The purpose of the statute is to ensure the effective prosecution of claims with independent counsel. *Id.* at 1437–38. The attorney who represents himself

> is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom.

*Id.* at 1438.

Young's representation of himself in this action does not exemplify that quotation. The question is whether sec. 19.37(2), Stats., itself contemplates an award of fees to a *pro se* litigant-attorney, regardless of the quality of that self-representation. We conclude it does not for the same reasons expressed by the *Kay* court.

We reject the argument that if a statute fails to expressly preclude an award of fees to a *pro se* litigant-attorney, the legislature meant to allow it. The provision for attorney's fees implies the existence of an attorney-client relationship. If that relationship does not exist, the fees cannot be awarded. Young points to no legislative history or statute suggesting the contrary.

Indeed, the legislature's intent elsewhere expressed is consistent with our holding. Section 814.04(1)(c), Stats., provides: "No attorney fees may be taxed on behalf of any party unless the party appears by an attorney other than himself or herself." While that statute applies to attorney's fees as an item of costs, *Town of Mt. Pleasant v. Werlein,* 119 Wis. 2d 90, 93, 349 N.W.2d 102, 104 (Ct. App. 1984), it shows that the legislature has indirectly decided that fees should not be awarded to a *pro se* litigant-attorney.

Young argues that the primary purpose of the open records law is the public benefit, and that denying fees to *pro se* litigant-attorneys deprives the public of that benefit. The primary purpose of the open records law is to ensure an informed electorate. Section 19.31, Stats. An informed electorate is, of course, a public benefit. But it is not necessary that fees be awarded to *pro se* litigant-attorneys in order to inform an electorate. The primary purpose of the Freedom of Information Act, 5 U.S.C. sec. 552, is also to ensure an informed electorate, *N.L.R.B. v. Robbins Tire and Rubber Co.,* 437 U.S. 214, 242 (1978), and has been construed not to authorize an award of fees to a *pro se* litigant-attorney. *Falcone v. I.R.S.,* 714 F.2d 646 (6th Cir. 1983), *cert. denied,* 466 U.S. 908 (1984) (cited in *Kay,* 111 S. Ct. at 1436 n.4).

Young argues that persons who bring open records actions are enforcing a public right and implementing the policy of open government. A person who brings an action to enforce a statutory right may be acting as a "private attorney general" to enforce the public's rights and to implement an important public policy. *Watkins v. LIRC,* 117 Wis. 2d 753, 764, 345 N.W.2d 482, 488 (1984). Unless attorney's fees are awarded, some litigants may be unable to advance their own and the public interest. *Id.* That rationale does not apply here. The open records

law allows an award of attorney's fees. The private attorney general rationale does not require an award to *pro se* litigant-attorneys.[12]

Having concluded that Young is not entitled to attorney's fees under sec. 19.37(2), Stats., we direct the trial court to award no fees to him.

*By the Court.*—Order affirmed in part; order reversed in part and remanded as to respondent C. William Foust, Dane County District Attorney, for further proceedings consistent with this opinion.

---

[12]We note that sec. 19.37(1)(b), Stats., provides in part: "The requester may, in writing, request the district attorney of the county where the record is found, or request the attorney general, to bring an action for mandamus asking a court to order release of the record to the requester."