EAU CLAIRE LEADER-TELEGRAM, Plaintiff-
Appellant,

v.

Eleanor C. BARRETT, Clerk of Court of Eau
Claire County, Circuit Court of Eau Claire
County, Hon. Roderick A. Cameron, Presiding,
Defendants-Respondents.

Court of Appeals

*No. 88–0601. Submitted on briefs September 1, 1988.—Decided
September 27, 1988.*

(Also reported in 431 N.W.2d 741.)

For plaintiff-appellant there were briefs submitted by *Linda M. Clifford* and *Eugenia G. Carter* of *La Follette & Sinykin* of Madison.

For defendant-respondent, Eleanor C. Barrett, there was a brief by *Keith R. Zehms,* corporation counsel of Eau Claire.

For respondents there was a brief by *Donald J. Hanaway,* attorney general, and *Robert W. Larsen,* assistant attorney general of the Wisconsin Department of Justice of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. The Eau Claire Leader-Telegram appeals an order denying attorney fees that it sought pursuant to sec. 19.37(2), Stats. This statute allows fees and costs in mandamus actions that succeed in disclosing public records. The trial court concluded that it lacked jurisdiction to enter a mandamus action against another trial judge and therefore it also had no authority to award the recovery of costs and fees. We agree with this conclusion and therefore affirm the trial court's order.

The facts are undisputed. Initially, the Eau Claire Leader-Telegram (hereinafter the newspaper) commenced a mandamus action under sec. 19.37 to obtain access to settlement documents filed under seal in six related Eau Claire County civil cases. The six cases

concerned alleged incidents of sexual assaults involving juveniles. *C.L. v. Edson,* 140 Wis. 2d 168, 409 N.W.2d 417 (Ct. App. 1987) (hereinafter *Edson*). The newspaper named Eleanor C. Barrett, Eau Claire County Clerk of Court, and Judge Roderick Cameron, who presided over the *Edson* case, as defendants in the mandamus action. The case was assigned to Judge Thomas Barland.

Barrett and Judge Cameron moved to quash the summons and complaint and the writ of mandamus. However, before Judge Barland decided the motions to quash, the newspaper, Barrett, and Judge Cameron reached a stipulation wherein Judge Cameron, on behalf of the Circuit Court of Eau Claire County, agreed to release the sealed records, provided no *Edson* party objected. Several *Edson* parties did object and demanded a hearing before Judge Cameron. The newspaper intervened in the *Edson* case pursuant to sec. 803.09, Stats., which allows nonparties to intervene, and argued for the records' disclosure. This intervention occurred during the pending mandamus action before Judge Barland.

At the hearing before Judge Cameron, the sealed documents were released; however, the names of juveniles and mental incompetents were deleted. After we affirmed Judge Cameron's decision in *Edson,* the newspaper filed a motion under sec. 19.37(2) in the original mandamus action to recover the costs and attorney fees it incurred in obtaining the release of the sealed documents. After the appeal, Judge Barland conducted a hearing and received evidence on the renewed subject matter jurisdiction question originally raised by Barrett and Judge Cameron, as well as the question on costs and attorney fees. Judge Barland concluded that because he lacked subject matter

jurisdiction over the mandamus action to direct another circuit judge to release the sealed documents, he also lacked authority in the mandamus action to order recovery of the requested costs and fees. The sole issue on appeal is whether Judge Barland had subject matter jurisdiction over the mandamus action.

When examining a trial court's authority to issue a writ of mandamus against another trial court, our review is a question of law.[1] Questions of law are reviewed without deference to the trial court's decision. *See First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253, (1977).

The trial court dismissed the newspaper's mandamus action requesting attorney fees for want of jurisdiction, explaining that "one circuit judge, not acting as a chief judge, cannot exercise supervisory powers over a sitting circuit judge." The newspaper argues that the trial court merely relied on a general principle regarding judicial authority and cited no case law to support this general proposition. Our research indicates that there are no Wisconsin cases on point to support the trial court's conclusion; nevertheless, the conclusion is an accurate determination of the use of a trial court's supervisory power.

Mandamus is a writ that grants a higher court supervisory authority to compel a private or municipal corporation or an inferior court to perform a particular act. *See Gross v. Midwest Speedways, Inc.,*

---

[1]No case law exists that develops this concept further. However, the supreme court in *State ex rel. Journal/Sentinel, Inc. v. Jennings,* 141 Wis. 2d 618, 415 N.W.2d 518 (1987), discussed whether the court of appeals had jurisdiction to issue a supervisory writ of mandamus as a question of law.

81 Wis. 2d 129, 135, 260 N.W.2d 36, 38–39 (1977). In this instance, the newspaper is requesting in the mandamus action a circuit court to compel another circuit court to release sealed records. Mandamus is a supervisory writ. *See Journal/Sentinel,* 141 Wis. 2d at 619–20, 415 N.W.2d at 518. It does not permit courts of equal jurisdiction to superintend one another. Because the trial court correctly concluded that it lacked jurisdiction in the mandamus action and therefore had no authority in the same action to order recovery of the attorney fees, we affirm.

We note that because of the restricted issue on appeal, we do not address the issue of where proper jurisdiction lies or the correct procedure for recovering costs and fees under the particular facts of this case.

*By the Court.*—Order affirmed.