STATE of Wisconsin EX REL., EAU CLAIRE
LEADER-TELEGRAM, Petitioner,

v.

Eleanor C. BARRETT, Clerk of Court of Eau
Claire County, Circuit Court of Eau Claire
County, Hon. Roderick A. Cameron, Presiding,
Eau Claire County and the State of Wisconsin,
Respondents.

Court of Appeals

*No. 88–1982–W. Submitted as petition for supervisory writ
October 26, 1988.—Decided January 17, 1989.*

(Also reported in 436 N.W.2d 885.)

For the petitioner, there was a petition for prerogative writ and a reply by *Eugenia G. Carter* and *Linda M. Clifford* of *La Follette & Sinykin,* of Madison.

For the respondents, Eau Claire County and Eleanor C. Barrett, Clerk of Court for Eau Claire County, there was a response to the petition filed by *Keith R. Zehms, Corporation Counsel,* of Eau Claire.

For the respondents, there was a response to the petition filed by *Donald J. Hanaway,* attorney general, and *Robert W. Larsen,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Eau Claire Leader-Telegram has filed a prerogative writ with this court seeking an order to recover attorney fees under sec. 19.37(2), Stats. Because the records' disclosure was not a result of the original mandamus action, we deny the writ.

Although this court has previously addressed another aspect of this issue, we restate the facts for clarity. On October 28, 1985, the Eau Claire Leader-Telegram (hereinafter the newspaper) began a mandamus action under sec. 19.37 to obtain access to sealed settlement documents filed in six related Eau Claire County Circuit Court cases. The six cases concerned alleged incidents of sexual assaults involving juveniles (hereinafter *Edson*). The newspaper named Eleanor C. Barrett, Eau Claire County Clerk of Court, and Judge Roderick Cameron, who presided over the case, as defendants in

the mandamus action. The case was assigned to Judge Thomas Barland.

Barrett and Judge Cameron moved to quash the summons and complaint and the writ of mandamus. However, before Judge Barland decided the motions to quash, the newspaper, Barrett, and Judge Cameron reached a stipulation wherein Judge Cameron, as presiding judge in the *Edson* case, agreed to release the sealed records, provided no *Edson* party to the cases objected. Several parties objected and obtained a hearing before Judge Cameron. The newspaper intervened in the *Edson* case pursuant to sec. 803.09, Stats., which allows nonparties to intervene, and argued for the records' disclosure. This intervention occurred during the pending mandamus action before Judge Barland.

At the hearing, Judge Cameron released an edited version of the documents, and we affirmed the decision in *C.L. v. Edson,* 140 Wis. 2d 168, 409 N.W.2d 417 (Ct. App. 1987). Subsequently, the newspaper filed a motion under sec. 19.37(2) in the original mandamus action still pending before Judge Barland to recover the costs and attorney fees it incurred in obtaining the release of the sealed documents. Judge Barland conducted a hearing and received evidence on the renewed subject matter jurisdiction question originally raised by Barrett and Judge Cameron, as well as the question on costs and attorney fees. Judge Barland concluded that because he lacked subject matter jurisdiction to direct another circuit judge to release the sealed documents, he also lacked authority in the mandamus action to order recovery of the requested costs and fees. The newspaper appealed this decision, and we affirmed.[1]

---

[1]*Eau Claire Leader-Telegram v. Barrett,* 146 Wis. 2d 647, 431 N.W.2d 741 (1988).

771

Now, pursuant to sec. 752.01(2), Stats., the newspaper requests this court to exercise its jurisdiction and award attorney fees allowed under successful mandamus actions. In its own words, the newspaper seeks this court to exercise the authority it would have exercised had the newspaper initially sought relief with this court instead of with Judge Barland's court. The newspaper argues that *State ex rel. Journal/Sentinel, Inc. v. Jennings*, 141 Wis. 2d 618, 415 N.W.2d 518 (1987), provides this court with the authority to exercise its jurisdiction under sec. 19.37(1) to issue a prerogative writ and award attorney fees to a successful open records litigant.

In *Jennings*, the petitioners petitioned the court of appeals to issue a supervisory writ to inspect settlement documents sealed by the circuit court. The court of appeals denied this petition on the grounds that it lacked original jurisdiction to hear public issues (*publici juris*). The supreme court, however, held that the court of appeals has original jurisdiction to consider supervisory writs even if they involved public issues and remanded the matter. It follows, the newspaper argues, that this court may exercise its jurisdiction to award fees to a successful open records litigant. We disagree.

Section 19.37(2) awards statutory fees for parties who have prevailed in whole or in substantial part in any action filed under sec. 19.37(1). Here, the newspaper's only mandamus action under sec. 19.37(1) was dismissed for lack of jurisdiction. The newspaper contends, however, that it is a prevailing party under sec. 19.37 because its intervention, under sec. 803.09 resulted in the release of the sealed court documents. Arguing for the first time at oral argument, the newspaper asserts that this intervention was a mere extension

of the mandamus action and therefore disclosure occurred within the mandamus action and fees may subsequently be awarded.

We agree that a formal order under a sec. 19.37 mandamus action is not a prerequisite to a fee award. *Racine Educ. Ass'n v. Board of Educ.,* 129 Wis. 2d 319, 326–27, 385 N.W.2d 510, 512 (Ct. App. 1986). The test to determine whether a party has prevailed under sec. 19.37(2) is whether there is a causal connection between the litigant's mandamus action and the agent's compliance with disclosure. *State ex rel. Vaughan v. Faust,* 143 Wis. 2d 868, 871, 422 N.W.2d 898, 899 (Ct. App. 1988). Applying the test here, we cannot conclude that the mandamus action before Judge Barland precipitated the records' disclosure. The intervention was not a mere extension of the mandamus action but rather an entirely separate action and treated as such by the newspaper, this court, and both Judges Barland and Cameron.[2] Furthermore, it would be difficult to comprehend the intervention as an extension of the mandamus action given the fact that Judge Cameron was a defendant in the mandamus action. The newspaper's intervention in *Edson,* an entirely separate proceeding, caused the records' disclosure. Therefore, the newspaper was not a prevailing party under sec. 19.37(2) entitling it to statutory fees under its petition for a prerogative writ.

*By the Court.*—Writ denied.

[2] Each action was assigned a separate case number: No. 85–CV–714 (mandamus action), and Nos. 84–CV–170, 84–CV–173, 84–CV–282, 84–CV–400, 84–CV–403, 84–CV–427 (intervention). In *Edson,* one of the issues was whether the newspaper could intervene in that action. We held that it could.