## STATE EX REL. Ralph VAUGHAN, Petitioner-Appellant,

v.

## Gail FAUST, Respondent.

Court of Appeals

*No. 87–1117. Submitted on briefs February 12, 1988.—Decided March 17, 1988.*

(Also reported in 422 N.W.2d 898.)

For the petitioner-appellant the cause was submitted on the briefs of *Ralph Vaughan,* pro se, of Plymouth.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Robert W. Larsen,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. Ralph Vaughan is an inmate at the Kettle Moraine Correctional Institution. Gail Faust is custodian of the records of the Wisconsin Parole Board. On January 26 and February 19, 1987, Vaughan by letter requested the records of the parole board staff meetings from November 1986 through January 1987. Having received no reply, on March 13, 1987, he began a mandamus action under sec. 19.37(1)(a), Stats., to compel Faust to comply with his requests. On March 31, 1987, Faust supplied the requested information and apologized for her lateness in responding to his request. The attorney general then advised the court that in his view, "the matter may be considered resolved and the file may be closed." On May 11, 1987, the trial court dismissed Vaughan's action and denied his request under sec. 19.37(2) for damages and his costs and expenses of maintaining the mandamus action. We conclude he is entitled to costs, fees and damages under sec. 19.37(2) and reverse.

## I.

Section 19.37, Stats., provides:

(1) If an authority withholds a record or a part of a record or delays granting access to a record or part of a record after a written request for disclosure is made, the requester may pursue either, or both, of the alternatives under pars. (a) and (b).

(a) The requester may bring an action for mandamus asking a court to order release of the record. The court may permit the parties or their attorneys to have access to the requested record under restrictions or protective orders as the court deems appropriate.

. . . .

(2) The court shall award reasonable attorney fees, damages of not less than $100, and other actual costs to the requester if the requester prevails in whole or in substantial part in any action filed under sub. (1). Costs and fees shall be paid by the authority affected or the unit of government of which it is a part, or by the unit of government by which the legal custodian under s. 19.33 is employed and may not become a personal liability of any public official.

The trial court denied Vaughan attorney fees, damages, and costs because he failed to establish that the requested records would not have been provided but for his mandamus action. In other words, the court found that Vaughan did not prevail "in whole or in substantial part" in his mandamus action. We disagree.

## II.

In *Racine Ed. Ass'n v. Racine Bd. of Ed.*, 129 Wis. 2d 319, 327–28, 385 N.W.2d 510, 513 (Ct. App. 1986), we adopted the reasoning of *Cox v. United States Dept. of Justice*, 601 F.2d 1, 6 (D.C. Cir. 1979), and held that a party seeking fees under sec. 19.37(2), Stats., must show that prosecution of the action could reasonably be regarded as necessary to obtain the information, and that a "causal nexus" exists between that action and the agency's surrender of the information. This is largely a question of causation and is a factual determination to be made on a case-by-case basis. *Racine Ed. Ass'n, supra.*

Faust argues that the trial court's determination that Vaughan did not prevail in whole or substantial part is not clearly erroneous. Sec. 805.17(2), Stats. Faust applies the wrong standard of review to the trial court's determination. The existence of causation "frequently," as here, is an inference to be drawn by the trier of fact from undisputed or established facts. *Merco Distg. Corp. v. Com'l. Police Alarm Co.*, 84 Wis. 2d 455, 459, 267 N.W.2d 652, 655 (1978). In *Pfeifer v. World Service Life Ins. Co.*, 121 Wis. 2d 567, 570, 360 N.W.2d 65, 67 (Ct. App. 1984), we stated that we will continue to apply the reasonableness standard of review to inferences by a trial court from undisputed or established facts, unless the supreme court directs us to use another standard. The supreme court has not done so.

The test of cause in Wisconsin is whether the actor's action was a substantial factor in contributing to the result. *Merco Distg. Corp.*, 84 Wis. 2d at 458, 267

N.W.2d at 654. The phrase "substantial factor" denotes that the actor's conduct has such an effect in producing the result as to lead the trier of fact, as a reasonable person, to regard it as a cause, using that word in the popular sense. *Id.* at 458–59, 267 N.W.2d at 654.

■ We conclude that the undisputed evidence reasonably permits only one inference, that Vaughan's mandamus action was the precipitating cause of Faust's compliance with his requests. Vaughan filed two requests with Faust prior to instituting the mandamus action. Faust does not claim that these requests were ambiguous. After Vaughan began this mandamus action, Faust complied with Vaughan's requests and, by letter, apologized for the delay. She gave no explanation for that delay.

The trial court assumed that Vaughan was required to establish that the requested records would not have been provided "but for" his mandamus action. Such a requirement is contrary to the purpose of sec. 19.37, Stats., to encourage voluntary compliance before litigation. *Racine Ed. Ass'n,* 129 Wis. 2d at 328, 385 N.W.2d at 513. If the government can force a party into litigation and then deprive that party of the right to recover expenses by later disclosure, it would nullify the statute's purpose. *Id.*

A "but for" standard of causation is also contrary to the federal courts' interpretation of the similar "prevailing" requirement under the federal Freedom of Information Act (FOIA).[1] In *Marschner v. Depart-*

---

[1]Federal decisions interpreting the FOIA, 5 U.S.C. sec. 552 (1982), are persuasive authority for the interpretation of the

*ment of State, Etc.,* 470 F. Supp. 196, 200 (D. Conn. 1979), the court held that an FOIA plaintiff substantially prevails when the defendant agency voluntarily ceases an unexplained delay in making disclosure. The *Marschner* court recognized that it was unlikely that a plaintiff could show that the documents would not have been disclosed "but for" the mandamus action. *Id.* The court reasoned that the agency was in a much better position to demonstrate that delay was reasonable or that the request would have been responded to within the same time in absence of the action. *Id.*

We adopt the *Marschner* court's reasoning as to a requester under sec. 19.37, Stats. Faust voluntarily ceased her unexplained delay in complying with Vaughan's requests after he instituted this mandamus action. Vaughan prevailed in substantial part.

*By the Court.*—Order reversed and cause remanded for a determination of attorney fees, damages and other actual costs.

phrase "prevails in whole or in substantial part." *Racine Ed. Ass'n,* 129 Wis. 2d at 326, 385 N.W.2d at 512.