EAU CLAIRE PRESS CO. and Janean Marti, Plaintiffs-
Appellants,

v.

Paul GORDON and City of Chippewa Falls, Defendants-
Respondents.†

Court of Appeals

*No. 92–1570. Submitted on briefs January 8, 1993.—Decided
January 26, 1993.*

(Also reported in 499 N.W.2d 918.)

†Petition to review denied.

154

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Linda M. Clifford* of *LaFollette & Sinykin* of Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Paul Gordon* of Chippewa Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. The Eau Claire Press Co. and Janean Marti (the newspaper) appeal a judgment denying them attorney fees, costs, damages and punitive damages under sec. 19.37, Stats., the state open records law. We conclude that the newspaper is entitled to its attorney fees, costs and damages under sec. 19.37 because the mandamus action it initiated was a substantial factor in causing the city to release the requested information. However, it is not entitled to punitive damages because the city did not arbitrarily or capriciously deny or delay its response to the newspaper's request.

On May 30, 1991, the newspaper requested from the city of Chippewa Falls documents regarding the settlement of a discrimination claim by Pat Brick against the city. On June 10 and 26, 1991, the city attorney denied the request, citing a confidentiality agreement the city had made with Brick. The city's denial relied on its determination that "the harm to the public interest that would result from disclosure outweighs the great public interest in full inspection of public records."

157

After the newspaper contacted the Chippewa County district attorney, the district attorney on August 27, 1991, advised the city attorney in writing that the records were wrongfully withheld and should be released. However, on August 30, 1991, Brick's attorney demanded that the city honor the confidentiality agreement. On September 24, 1991, the Wisconsin attorney general wrote the city attorney to advise him that the records were wrongfully withheld and should be released. On October 8, 1991, Brick's attorney stated that Brick's position remained unchanged and that Wisconsin caselaw stated that Brick had a right to keep the documents classified.

On November 5, 1991, the newspaper commenced a mandamus action under sec. 19.37(1), Stats., and the district attorney threatened legal action, again advising the city attorney to release the requested records. The city answered, admitting all of the material facts underlying the claim. On December 18, 1991, the newspaper filed a motion for judgment on the pleadings. That same day, the city attorney sent a letter to the newspaper summarizing the terms of the settlement between Brick and the city, but failed to produce the actual records. On January 29, 1992, after Brick agreed not to consider the release a breach of the settlement agreement, the city finally released the documents.

The newspaper moved for its reasonable attorney fees, actual costs, damages and punitive damages under sec. 19.37(2) and (3), Stats. The motion was heard without testimony. With consent of both parties, the court based its decision on the pleadings and on affidavits, exhibits and responses to requests for admission. The trial court decided that the mandamus action was not a substantial factor in causing the city's

release of the settlement records. It therefore entered a judgment denying the newspaper's motion for attorney fees, costs, damages and punitive damages. The newspaper appeals this judgment.

Section 19.37, Stats., governs enforcement and penalties under the open records law. Section 19.37(1) provides for a mandamus action by the requester if records are wrongfully withheld by an authority. Section 19.37(2) governing costs, fees and damages under such mandamus actions states:

> **(2) Costs, fees and damages.** (a) The court shall award reasonable attorney fees, damages of not less than $100, and other actual costs to the requester if the requester prevails in whole or in substantial part in any action filed under sub. (1) relating to access to a record or part of a record under s. 19.35(1)(a).

Section 19.37(3) governs punitive damages and states:

> **(3) Punitive damages.** If a court finds that an authority or legal custodian under s. 19.33 has arbitrarily and capriciously denied or delayed response to a request or charged excessive fees, the court may award punitive damages to the requester.

The newspaper first argues that it is entitled to costs, attorney fees and damages of not less than $100 because it prevailed in substantial part in its mandamus action causing the city to release the documents. Because the purpose of sec. 19.37, Stats., is to encourage voluntary compliance, a judgment or an order favorable in whole or in part in a mandamus action is not a necessary condition precedent to a finding that a party prevailed against an agency under sec. 19.37(2). *Racine Educ. Ass'n v. Board of Educ.*, 129

Wis. 2d 319, 328, 385 N.W.2d 510, 513 (Ct. App. 1986). If the governmental entity can force a party into litigation and then deprive the party of the right to recover expenses by later disclosing, it would render the statute's purpose inoperative. *Id.* Thus, a court order compelling disclosure of the requested information is not a condition precedent to an award of fees. *Id.* at 326, 385 N.W.2d at 512. Therefore, the newspaper in seeking its expenses for the mandamus action must show that its prosecution could reasonably be regarded as necessary to obtain the information and that a causal nexus exists between that action and the city's surrender of the requested information. *See State ex rel. Vaughan v. Faust,* 143 Wis. 2d 868, 871, 422 N.W.2d 898, 899 (Ct. App. 1988). The test of cause in Wisconsin is whether the actor's action was a substantial factor in contributing to the result. *Id.*

Normally, whether a party has made the requisite showing under sec. 19.37(2), Stats., is a factual determination that is within the province of the trial court. *Racine Educ. Ass'n v. Board of Educ.,* 145 Wis. 2d 518, 522, 427 N.W.2d 414, 416 (Ct. App. 1988) (citing *Cox v. United States Dep't of Justice,* 601 F.2d 1, 6 (D.C. Cir. 1979)). A trial court's factual findings will not be overturned unless they are clearly erroneous. Section 805.17(2), Stats. Here, however, the causation question is an inference drawn from undisputed or established facts. In *Vaughan,* we held that where the existence of causation is an inference to be drawn by the trier of fact from undisputed or established facts, we will apply the reasonableness standard. *Id.* at 871, 422 N.W.2d at 899. That is, we will affirm the trial court's finding unless we find that the inference drawn by the trial

court may not reasonably be drawn from the established evidence. *Id.*

The trial court determined that the newspaper had not substantially prevailed in the mandamus action. The court wrote:

> The defendants released the terms of the settlement agreement not because of the filing of the instant lawsuit but because Pat Brick, through his attorney, had represented to the defendants that he would not consider the release a breach of the settlement agreement. The Court finds the mandamus action was not necessary and was not a substantial factor in the production of the settlement records.

The inference drawn by the trial court from the undisputed facts is that the mandamus action was not a substantial factor in the production of the documents. We must determine whether this was a reasonable inference for the trial court to make. We conclude that it was not.

The newspaper first asked for the documents on May 30, 1991, and the city denied the request based on the Brick settlement agreement. Letters to the city from both the Chippewa County district attorney and the Wisconsin attorney general stated that the settlement agreement was not a valid reason for the city to withhold the documents. The letters, however, did not convince the city to release the documents. On November 5, 1991, more than five months after first requesting the documents, the newspaper filed the mandamus action. The documents were finally released in January of 1992.

The trial court ruled that the documents were released as a result of Brick's representation that he would not consider the documents' release a breach of the settlement agreement. However, even assuming

the city would not turn over the documents until given permission by Brick, the inference drawn by the trial court ignores the fact that the representation from Brick was substantially caused by the mandamus action. The newspaper's initial request did not cause Brick to make such representation. Neither did the letters from the Chippewa County district attorney and the Wisconsin attorney general. The city itself argues that even after the letters, Brick continued to contend, under *Village of Butler v. Cohen*, 163 Wis. 2d 819, 472 N.W.2d 579 (Ct. App. 1991), that he had the right to keep the settlement confidential. Only after the mandamus action had begun and was pending did Brick give permission to the city to turn over the documents. The city concedes that in November or early December, Brick's attorney informed it that Brick would not file an action against the city if it released the information. Moreover, independent of Brick's representation regarding the confidentiality agreement, the virtual certainty of the success of the mandamus action, as demonstrated by the letters from the district attorney and the attorney general, was also a substantial factor in the release of the documents.

■ Regardless of the role Brick played in the city's decisionmaking process, the only reasonable inference that can be drawn from the undisputed facts is that the mandamus action was a substantial factor in the release of the documents. Therefore, we reverse this part of the trial court's order and remand this action for a determination of attorney fees, costs and damages.

■ The newspaper also argues that it is entitled to punitive damages. The trial court denied punitive damages because the city did not act arbitrarily and

162

capriciously in delaying the release of the requested information. *See* sec. 19.37(3), Stats. Where, as here, the facts have been established, whether a decision is arbitrary or capricious is a question of law. *State ex rel. Young v. Shaw*, 165 Wis. 2d 276, 294, 477 N.W.2d 340, 347 (Ct. App. 1991).

A decision is arbitrary and capricious if it lacks a rational basis or results from an unconsidered, willful and irrational choice of conduct. *Id.* The city in this instance was in a no-win situation because it had previously agreed with Brick to keep the records confidential. Although the city made a promise it could not keep, we analyze the city's conduct not when it made the promise but, rather, when it refused disclosure. The city's conduct was based on a rational basis, its opinion that it must honor the Brick confidentiality agreement. While the city should have turned over the documents, we agree that its refusal was not arbitrary or capricious and therefore affirm the trial court's judgment in that regard.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded. No costs to either party.