**2021 WI App 58**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:        2020AP338

Complete Title of Case:

IN RE THE DENIAL OF COSTS IN:

SUSAN MEINECKE,

    PETITIONER-APPELLANT,

  V.

JESSE THYES AND WILLIAM Q. RICE,

    RESPONDENTS-RESPONDENTS.

| | |
|---|---|
| Opinion Filed: | July 7, 2021 |
| Submitted on Briefs: | November 9, 2020 |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Reilly, P.J., and Davis, J. |
|     Concurred: | |
|     Dissented: | |

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Thomas C. Kamenick* of *Kamenick Law Office, LLC*, Port Washington. |
| Respondent<br>ATTORNEYS: | On behalf of the respondents-respondents, the cause was submitted on the brief of *Thomas A. Cabush* and *Matthew J. Hastings* of *Kasdorf Lewis & Swietlik, S.C.*, Milwaukee. |

A nonparty brief was filed by *Christa O. Westerberg* and *Beauregard W. Patterson* of *Pines Bach LLP*, Madison, for Wisconsin Freedom of Information Council, Wisconsin Newspaper Association, and Wisconsin Broadcasters Association.

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 7, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No.    2020AP338** | Cir. Ct. No.  2019CV62 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

IN RE THE DENIAL OF COSTS IN:

SUSAN MEINECKE,

PETITIONER-APPELLANT,

V.

JESSE THYES AND WILLIAM Q. RICE,

RESPONDENTS-RESPONDENTS.

APPEAL from an order of the circuit court for Ozaukee County: SANDY A. WILLIAMS, Judge. *Reversed and cause remanded with directions*.

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

¶1    NEUBAUER, C.J.   This is a public records case.  Susan Meinecke contends that she is entitled to attorney fees, costs, and damages (collectively, fees)

under WIS. STAT. § 19.37(2)(a) (2019-20).[1] She contends she prevailed in substantial part in her mandamus action when the circuit court ordered the release of some but not all of the records that she requested from public officials. We agree. Though the circuit court retains discretion to adjust the fee amount, Meinecke prevailed in substantial part because she obtained relief through judicial order. We reverse and remand to the circuit court to award Meinecke reasonable fees consistent with this opinion.

## BACKGROUND

¶2 Meinecke is a Grafton trustee who filed multiple public records requests to Jesse Thyes and William Q. Rice, both employees of the Village of Grafton (collectively, the village officials) seeking emails that had various search terms. Through her requests, Meinecke received many, but not all, of the documents she requested.

¶3 Meinecke subsequently filed this mandamus action. Meinecke identified five categories of records she alleged the village officials had unlawfully withheld: 1) one email claimed to be a "to-do" note; 2) forty emails claimed to be confidential attorney-client privileged (later discovered to be only thirty-two emails); 3) three emails claimed to be performance evaluations of Grafton employees; 4) three emails claimed to be personal; and 5) all emails sent to or received from two email groups. The circuit court ordered the village officials to

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

turn over some, but not all, of the records identified in Meinecke's mandamus action.[2]

¶4　　Meinecke moved for fees. The circuit court denied her request, finding that she had not prevailed in substantial part as required under WIS. STAT. § 19.37(2) for an award of fees. The court provided several reasons in support of its decision to deny fees, including that not all of the documents received achieved Meinecke's purpose in seeking them (namely, to prove misconduct), that the village officials had not acted with "wanton disregard" of the public records law, and that Meinecke did not have complete success in gaining access to all records she sought. In addition, despite the fact that Meinecke's mandamus action resulted in the court ordering the release of several previously withheld documents, the court indicated that the action resulted in "a lot of people's time and energy [being] wasted." The court also indicated that it suspected that Meinecke had an "ulterior motive outside of" a public records request.

¶5　　Meinecke appeals the circuit court's denial of her request for fees. Additional facts are discussed below as necessary.

## DISCUSSION

¶6　　WISCONSIN STAT. § 19.35(1) provides that any person has a right to inspect any government record, "[e]xcept as otherwise provided by law." If a written request for disclosure of a record is submitted but the custodian withholds the record or delays granting access to the record, then a mandamus action may be brought to compel the record's disclosure. WIS. STAT. § 19.37(1). A "court shall award

---

[2] The parties appear to agree that the circuit court ordered the release of 145 pages of the 329 requested pages.

reasonable attorney fees, damages of not less than $100, and other actual costs to the requester if the requester prevails in whole or in substantial part in any action filed under sub. (1) relating to access to a record or part of a record" subject to disclosure. Sec. 19.37(2)(a).

¶7    To resolve this appeal, we must determine whether Meinecke has "prevail[ed] … in substantial part" as that phrase is used in WIS. STAT. § 19.37(2)(a). Application of the public records law to undisputed facts is a question of law we review de novo. *See* **ECO, Inc. v. City of Elkhorn**, 2002 WI App 302, ¶15, 259 Wis. 2d 276, 655 N.W.2d 510. Similarly, under summary judgment standards, we review de novo whether there are genuine issues of material fact and whether a party is entitled to judgment as a matter of law. **Green Spring Farms v. Kersten**, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

*Meinecke Has Prevailed in Substantial Part Under the Statute*

¶8    The parties have not identified any published Wisconsin cases examining the availability of fees for prevailing "in substantial part" when access to some but not all requested records has been granted pursuant to court order. Our review of Wisconsin's public records statute and case law leads us to conclude that a mandamus litigant has prevailed in substantial part, and thus is entitled to fees, when the requester obtains access to improperly withheld public records through a judicial order. That a requester may have succeeded in obtaining access to some but not all of the records is an issue subject to the court's discretion in considering the amount of reasonable fees to be awarded.

¶9    We begin with several provisions of the Wisconsin public records statute that support awarding fees to those who prevail by court order, even if not successful in obtaining access to all requested documents.

4

¶10    First, the fee-shifting provision of Wisconsin's public records law is mandatory. *See* WIS. STAT. § 19.37(2)(a) ("the court *shall* award reasonable attorney fees, damages of not less than $100, and other actual costs to the requester if the requester prevails in whole or in substantial part in any action filed under sub. (1)" (emphasis added)). We have held that it is not within the circuit court's discretion to deny fees to a substantially prevailing party under § 19.37(2)(a). ***WTMJ, Inc. v. Sullivan***, 204 Wis. 2d 452, 462-63, 555 N.W.2d 140 (Ct. App. 1996).

¶11    However, once eligibility for fees is determined, the circuit court exercises its discretion in determining a "reasonable" amount. WIS. STAT. § 19.37(2)(a) ("the court shall award reasonable attorney fees"). This discretionary determination contemplates scenarios when the requester achieves access to less than all requested documents.

¶12    Second, the public records law and our case law recognize that a requester can prevail "in whole or in substantial part" in actions seeking "access to a record" or even "part of a record." WIS. STAT. § 19.37(2)(a). Thus, fees are available even when the requester receives a single record, or even only part of a record.

¶13    In ***ECO***, we concluded that the requester substantially prevailed under the law when the court determined the public officials failed to comply with the public records law. ***ECO***, 259 Wis. 2d 276, ¶30 ("Because the City failed to respond to ECO's request and thus failed to comply with the requirements of WIS. STAT. § 19.35(4)(a), ECO is entitled to costs, fees and damages pursuant to WIS. STAT. § 19.37(2)."); ***Racine Educ. Ass'n v. Board of Educ. for Racine Unified Sch. Dist.***, 129 Wis. 2d 319, 328, 385 N.W.2d 510 (Ct. App. 1986) ("an order favorable in

whole or in part … is not a necessary condition precedent" to an award of fees when requested documents have not been released by a public entity until requester filed a mandamus action). Fees also have been available for partial productions. *See Friends of Frame Park, U.A. v. City of Waukesha*, 2020 WI App 61, ¶¶52-53, 394 Wis. 2d 387, 950 N.W.2d 831, *review granted*, (WI Feb. 24, 2021) (No. 2019AP96) (requester obtained one of five requested records); *State ex rel. Young v. Shaw*, 165 Wis. 2d 276, 282, 293, 477 N.W.2d 340 (Ct. App. 1991) (requester prevailed in substantial part even though he was not entitled to all records sought).

¶14 Third, as Wisconsin courts have emphasized time and again, our legislature has declared it to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and, as such, the public records law, *including the enforcement provisions*, shall "be construed 'in every instance with a presumption of complete public access.'" *ECO*, 259 Wis. 2d 276, ¶15 (citing WIS. STAT. § 19.31); Sec. 19.31 ("[WISCONSIN STAT. §§] 19.32 to 19.37 shall be construed in every instance with a presumption of complete public access.").[3] The statute unequivocally states the intent of the public

---

[3] WISCONSIN STAT. § 19.31 fully sets forth this policy declaration regarding public records as follows:

> In recognition of the fact that a representative government is dependent upon an informed electorate, it is declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employees who represent them. Further, providing persons with such information is declared to be an essential function of a representative government and an integral part of the routine duties of officers and employees whose responsibility it is to provide such information. To that end, [WIS. STAT. §§] 19.32 to 19.37 shall be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied.

records statute is to promote open government, and the improper denial of public access is contrary to the public interest. Sec. 19.31; *see, e.g.*, *ECO*, 259 Wis. 2d 276, ¶16 (the public records law "serves one of the basic tenets of our democratic system by providing an opportunity for public oversight of the workings of government").

¶15     The "purpose of [WIS. STAT. § 19.37(2)(a)] is to encourage voluntary compliance" with the public records law. *Racine Educ. Ass'n*, 129 Wis. 2d at 328. The language of the statute recognizes that consistent enforcement of its fee-shifting provision is necessary to achieve full compliance with the law. *See, e.g.*, *WTMJ*, 204 Wis. 2d at 462 (mandatory fees may impose a "severe" penalty, but "the legislature has decided that this is worth the benefit of openness").[4]

¶16     Both parties also point to the federal Freedom of Information Act, 5 U.S.C. § 552 (2016) ("FOIA"), in support of their positions. We agree that it provides helpful guidance—to a point. Namely, the current version of FOIA provides for discretionary awards of fees. *See* 5 U.S.C. § 552(a)(4)(E)(i) ("[t]he court *may* assess … reasonable attorneys fees" in favor of a party who "has substantially prevailed" (emphasis added)). As we have discussed, Wisconsin's

---

[4] Notably, the legislature not only sought to ensure compliance with the fee-shifting provision, but also provided for recovery of actual damages when the government's failure to comply with the statute is willful or intentional, and punitive damages when the denial or delay is arbitrary and capricious. WIS. STAT. § 19.37(2)(b), (3).

statute is mandatory.[5]  Thus, we reject the village officials' request that we adopt FOIA's discretionary analysis employed to determine entitlement to fees.

¶17    That said, to determine eligibility to recover, i.e., whether the plaintiff has substantially prevailed, FOIA provides that a plaintiff "substantially prevail[s]" where it obtains relief through either "a judicial order, or an enforceable written agreement or consent decree"; or a "voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E)(i)-(ii).

¶18    Meinecke contends that under federal law, that phrase "has always included one who [prevails] via court order."  The village officials do not challenge that statement.  We agree that it is clear that when court-ordered access to some records is at issue, a requester is determined to have "substantially prevailed."  *See, e.g.*, ***Mattachine Soc'y of Washington, D.C. v. U.S. Dep't of Just.***, 406 F. Supp. 3d 64, 68 (D.D.C. 2019) ("[t]he Court ... did not need to find that every single redaction was improper in order for Mattachine to be entitled to fees"); ***EPIC v. U.S. Drug Enf't Admin.***, 266 F. Supp. 3d 162, 167 (D.D.C. 2017) (a judicial order requiring disclosure of some records renders a plaintiff eligible for a fee award) (collecting cases).

---

[5] Unlike the case with our statute, entitlement to fees under FOIA is not mandatory upon a finding that the plaintiff has "substantially prevailed."  Rather, under FOIA, the "substantially prevailed" inquiry merely means that a plaintiff is *eligible* to recover fees.  If the eligibility prong is satisfied, the court next considers the entitlement prong to determine whether a plaintiff should receive fees.  *See, e.g.*, ***Davy v. CIA***, 550 F.3d 1155, 1158-59 (D.C. Cir. 2008) (factors establishing entitlement include the benefit to the public derived from the suit, commercial benefit to the plaintiff, nature of the complainant's interest, and whether the agency had a reasonable legal basis for withholding the records).

¶19    Indeed, prior to the amendment to FOIA in 2007 that explicitly provided the definition of "substantially prevailed" to include relief through judicial order,[6] courts held the same when some records were ordered produced. ***Davy v. CIA***, 456 F.3d 162 (D.C. Cir. 2006), is illustrative of the widely accepted conclusion that a plaintiff had "substantially prevailed" when a judicial order "changed the 'legal relationship between [the plaintiff] and the defendant,'" and the plaintiff "was awarded some relief on the merits of his claim." ***Id.*** at 165 (alteration in original) (quoting ***Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.***, 532 U.S. 598, 604 (2001)). A "judicially sanctioned change in the legal relationship of the parties" rendered a requester a substantially prevailing party. ***Buckhannon***, 532 U.S. at 603-05; *see, e.g.*, ***Judicial Watch, Inc. v. FBI***, 522 F.3d 364, 367 (D.C. Cir. 2008) (plaintiff substantially prevails when "'the order changed the legal relationship between [the parties],' and ... the plaintiff 'was awarded some relief on the merits of his claim'" by accessing two redacted videotapes (citation omitted)); ***Edmonds v. FBI***, 417 F.3d 1319, 1321, 1326 (D.C. Cir. 2005) (plaintiff substantially "'prevailed' in her FOIA action by obtaining court-ordered, expedited processing of her request, which culminated in the release of 343 nonexempt pages" but withheld another 1143 pages); ***Oil, Chem. & Atomic Workers Int'l Union v. Department of Energy***, 288 F.3d 452, 456-57 (D.C. Cir. 2002) (A FOIA plaintiff has "substantially prevailed" if he has "'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." (alteration in original; citation omitted)).

¶20    The FOIA definition of "substantially prevailed," the functional equivalent of "prevails ... in substantial part," and the analysis employed thereunder,

---

[6] *See* OPEN Government Act of 2007, Pub L. No. 110-175, § 4(a)(2), 121 Stat. 2524, 2525 (2007).

establishes that the inquiry is determining *whether* a party has prevailed, rendering him or her eligible for fees, and not the extent of his or her success in obtaining access to non-exempt records. So, a plaintiff "substantially prevails" when he or she obtains relief through a judicial order. *See* 5 U.S.C. § 552(a)(4)(E)(i)-(ii).[7]

¶21 In sum, both federal and Wisconsin cases teach that the "substantially prevailed" or "prevail[ed] … in substantial part" inquiry is whether the requester prevailed in obtaining access to wrongfully withheld public records, and thus, is eligible to recover fees, not the extent to which exempt records were properly withheld. Under the Wisconsin statute, the analysis of the extent of access goes to the discretionary award of reasonable fees, not the threshold determination of eligibility.

¶22 Here, the court's order establishes Meinecke prevailed in substantial part. She obtained relief through a judicial order—access to improperly withheld

---

[7] That the question of whether a party has prevailed in substantial part is employed to establish eligibility, and does not consider the extent of success, is made clear under the other FOIA definitions, such as when a public agency voluntarily releases the requested records prior to a court order. The test most often invoked to determine the prevailing party in that circumstance is based on causation; it asks whether the lawsuit is a "substantial factor" in causing the records release. *See WTMJ, Inc. v. Sullivan*, 204 Wis. 2d 452, 458-59, 555 N.W.2d 140 (Ct. App. 1996). If so, the requester has substantially prevailed, or prevailed in substantial part. *Id.* (if the lawsuit was a "substantial factor" in contributing to the voluntary production, the requester has prevailed in substantial part); *Eau Claire Press Co. v. Gordon*, 176 Wis. 2d 154, 157, 499 N.W.2d 918 (Ct. App. 1993) ("the newspaper is entitled to its attorney fees, costs and damages under [WIS. STAT. §] 19.37 because the mandamus action it initiated was a substantial factor in causing the city to release the requested information"). While the parties, primarily the village officials, discuss many of these cases involving a voluntary release, their relevance here is fairly limited: they confirm the inquiry is employed to determine eligibility. These cases also identify the upshot once that eligibility is determined—a party prevails even if the access excludes exempt records. However, the analysis of whether a party has prevailed under other scenarios is not before us: here there is no question that the court's order was the result of Meinecke's mandamus action and she prevailed on the legal question of whether some documents should have been produced upon request.

public records. Meinecke has achieved the benefit sought by filing the mandamus action, namely, relief through judicial order requiring access to improperly withheld public records.[8]

¶23 As noted, the fact that we conclude that Meinecke has prevailed in substantial part does not necessarily amount to a blanket order for the circuit court to award her all of her attorney fees, costs, and damages, however. Instead, the circuit court should apply the well-established "lodestar methodology"[9] on remand

---

[8] We find persuasive other state courts' decisions which have similarly held that a party prevails in substantial part entitling the party to fees in a records request when it brings an action after disclosure is denied and that action results in the court ordering disclosure of at least some of the records sought. *See, e.g.*, **Smith v. Bradley**, 673 S.E.2d 500, 506 (W.Va. 2007) ("An award of attorney's fees is proper [under West Virginia open records law] even when some of the requested records are ordered to be disclosed while others are found to be exempt from disclosure or are released in redacted form."); **Burlington Free Press v. University of Vermont**, 779 A.2d 60, 63-64 (Vt. 2001) (to be eligible for fees under Vermont public records law, "the requesting party must prove that legal action could reasonably be regarded as necessary to obtain the requested documents, and that in fact the litigation had a substantial causative effect on the release of the documents" even when "the court declined to allow the release of some of the requested documents"); **Asotin County v. Eggleston**, 432 P.3d 1235, 1240 (Wa. Ct. App. 2019) (explaining that the Washington supreme court has "endorsed the concept that in awarding fees, a trial court should recognize that a [Washington state public records act] lawsuit might present several legal issues and a record requester need not be entirely successful to be entitled to an award of some of his or her attorney fees").

[9] Our supreme court has explained that the starting point for calculating fees under the lodestar framework is "the product of reasonable hours multiplied by a reasonable rate." **Kolupar v. Wilde Pontiac Cadillac, Inc.**, 2004 WI 112, ¶29, 275 Wis. 2d 1, 683 N.W.2d 58. Among the factors to be considered when applying this framework are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;

to determine reasonable fees and may consider the totality of Meinecke's success when calculating fees, including factoring in the records sought in the mandamus action that the court found were properly withheld. *See Frame Park*, 394 Wis. 2d 387, ¶52 (footnote omitted) ("Although we are satisfied that Friends has 'prevailed in substantial part' with respect to the draft contract, the fees it incurred may not have all contributed to that success, and those fees that did so contribute are further subject to a reasonableness inquiry.").

¶24 In sum, although we have concluded that Meinecke is entitled to fees as a prevailing party in her mandamus action, it is up to the sound discretion of the circuit court to determine an appropriate fee award.

## CONCLUSION

¶25 For the foregoing reasons, we conclude that Meinecke prevailed in substantial part in her mandamus action when she successfully accessed improperly withheld public records as a result of a court order. The circuit court erred in concluding otherwise and, therefore, we reverse and remand to the circuit court to calculate Meinecke's reasonable attorney fees, costs, and damages.

---

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

*Id.*, ¶25 (citing SCR 20:1.5(a)). A court may adjust a fee award up or down depending on its analysis of certain factors, and may put more weight on one or more of the factors over others. *See id.*, ¶¶29, 43-45.

*By the Court*.—Order reversed and cause remanded with directions.