



FILED

Mar 18 2025, 11:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 25S-PL-64

## Christopher Nardi,

*Appellant/Cross-Appellee (Plaintiff below)*

–v–

## J. Bradley King and Angela M. Nussmeyer in their official capacities as members of the Indiana Election Division,

*Appellees/Cross-Appellants (Defendants below)*

---

Argued: November 19, 2024 | Decided: March 18, 2025

Appeal from the Marion Superior Court
No. 49D11-2107-PL-22664
The Honorable John F. Hanley, Judge

On Petition to Transfer from the Indiana Court of Appeals
23A-PL-2832

---

**Opinion by Justice Goff**

Chief Justice Rush and Justices Massa, Slaughter, and Molter concur.

**Goff, Justice.**

Indiana's Access to Public Records Act (APRA) is designed to promote transparency in government by giving the public access to most government records. Because APRA is enforced by private parties, it provides a mandatory attorney's fee award to a party who "substantially prevails" in their APRA action. Christopher Nardi sued the Indiana Election Division (the Division) under APRA for three documents related to Indiana's voter-registration system. The trial court ordered the Division to produce one of those documents. The trial court then concluded that Nardi substantially prevailed as to one of his three APRA requests, so it awarded him one-third of the fee he asked for.

We hold that because Nardi successfully obtained a wrongfully withheld public record, the trial court did not abuse its discretion in concluding that he substantially prevailed under APRA. But we remand to the trial court to recalculate attorney's fees after considering the time Nardi's counsel spent on the successful claim and whether the time spent on the unsuccessful claims was indivisible from the time spent on the successful claim.

## Facts and Procedural History

In December 2020, Christopher Nardi submitted to the Division an APRA request for documents related to Indiana's voter-registration system. He made three requests: (1) the latest standard operating procedures that describe the security protocols of the voter-registration system and explain how to carry out voter registration, absentee voting, and election-management duties; (2) "build notes" that describe enhancements made to the voter-registration system; and (3) a copy of the latest contract with third-party vendors who secure, maintain, and administer the voter-registration system. He also requested "[a]ny analysis that informed Secretary of State Lawson's comments on August 26 that the state expected 1.3 million to 1.8 million mailed ballots in the 2020 general election." Appellant's App. Vol. 2, p. 32. Although APRA did not require Nardi to give a reason for his APRA request, *see* Ind. Code § 5-

14-3-3(a), he explained in a sworn declaration that he was completing an undergraduate degree at Pomona College in politics and was "interested in performing data analysis [on] absentee voting in recent Indiana elections." Appellant's App. Vol. 3, pp. 25–26.

The Division, acting through its co-directors, J. Bradley King and Angela M. Nussmeyer, denied the requests because of concerns that disclosure would jeopardize the voter-registration system. *See* I.C. § 5-14-3-4(b)(10). But for the request for the contract, the Division directed Nardi to an online portal containing state contracts that are available to the public. Nardi successfully accessed contracts between the Division and a third-party vendor, but he failed to save them, and they were later removed from the portal. The Division did not have responsive documents for Nardi's requests related to Secretary Lawson's comments, so it provided Nardi with contact information for the Secretary of State's office.

Nardi then filed a complaint with Indiana's Public Access Counselor (PAC) alleging that the Division violated APRA by not providing the requested documents. The PAC determined the standard operating procedures and build notes were exempt from disclosure under Indiana Code section 5-14-3-4(b)(10). For the contract, the PAC recommended that the Division provide Nardi with "substantive portions" because the link the Division previously sent became inaccessible. Appellant's App. Vol. 2, pp. 42–43. After the PAC's recommendation, the Division refused to provide a redacted version of the contract.

In July 2021, Nardi filed a complaint in Marion Superior Court requesting the Division to permit Nardi to inspect and copy the "latest [standard operating procedures] for the [voter-registration system] and the current vendor contract(s) for the [voter-registration system]." *Id.* at 31. He also requested an award of "reasonable attorneys' fees and costs." *Id.* Following an in-camera review of the requested documents, the trial court ordered the Division to provide Nardi with a redacted version of the contract. The trial court denied Nardi's requests for the standard operating procedures and build notes.

Nardi then filed a petition for fees and costs, claiming he "substantially prevailed" in his suit, thus entitling him to an attorney's fee award of $60,795 plus filing fees and deposition costs. Appellant's App. Vol. 3, pp. 32–38, 56; *see* I.C. § 5-14-3-9(i). The Division argued Nardi did not substantially prevail and was not entitled to any fees or costs. Reasoning that Nardi substantially prevailed as to one of the three documents he requested, the trial court awarded him one-third of the attorney's fee amount he requested, $20,265, plus filing fees and deposition costs. Appellant's App. Vol. 2, p. 19. Nardi and the Division both appealed. For his part, Nardi argued that the trial court erred by reducing his attorney's fee request. The Division, on the other hand, argued Nardi should not have been awarded any attorney's fees or costs at all.

In a unanimous precedential opinion, the Court of Appeals affirmed the trial court's entry of partial summary judgment in favor of Nardi, but held that Nardi did not substantially prevail in his APRA request and reversed the trial court's partial grant of attorney's fees plus costs. *Nardi v. King*, 235 N.E.3d 863, 864 (Ind. Ct. App. 2024). The panel evaluated how much Nardi prevailed quantitatively and qualitatively. *Id.* at 866. From a quantitative standpoint, Nardi only obtained one of the three documents he requested. *Id.* at 867. And from a qualitative standpoint, the disclosed contract was highly redacted, leaving only standard contract language. *Id.* The "mundane nature" of the redacted contract, the panel reasoned, "undercut any suggestion that its disclosure somehow outweighed the nondisclosure of the other documents." *Id.* Therefore, the panel concluded, Nardi did not "substantially" prevail. *Id.*

Nardi petitioned for transfer, which we now grant through a separate order, thus vacating the Court of Appeals' decision. *See* Ind. Appellate Rule 58(A).

## Standards of Review

This Court reviews an award of attorney's fees for an abuse of discretion. *Brademas v. S. Bend Cmty. Sch. Corp.*, 783 N.E.2d 745, 750 (Ind. Ct. App. 2003). "An abuse of discretion occurs when the court's decision

either clearly contravenes the logic and effect of the facts and circumstances or misinterprets the law." *River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906, 912 (Ind. 2020). To make this determination, this Court reviews any findings of fact for clear error and any legal conclusions de novo. *Id.* Where a trial court's decision involves an issue of statutory interpretation, the standard of review is de novo. *Ladra v. State*, 177 N.E.3d 412, 415 (Ind. 2021).

## Discussion and Decision

We first consider whether the trial court abused its discretion in concluding that Nardi "substantially" prevailed. On this issue, we conclude that the trial court did not abuse its discretion because, though Nardi only obtained one of the three requested records, he still successfully obtained a wrongfully withheld record. Next, we consider whether the trial court abused its discretion when it reduced Nardi's attorney's fee award to one-third of the fee requested. We conclude that it did. We thus reverse and remand to the trial court to recalculate attorney's fees after considering how much time Nardi's counsel spent on the successful claim and if the time spent on the unsuccessful claims is indivisible from the time spent on the successful claim.

## I. The trial court did not abuse its discretion in concluding that Nardi "substantially" prevailed in his APRA request.

APRA was enacted in 1983 to establish a framework for the release of public records. The core principle behind APRA is that "all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees." I.C. § 5-14-3-1. The General Assembly commanded that APRA should be "liberally construed" to implement its policy of providing citizens with broad and easy access to public records. *Id.*; *Evansville Courier & Press v. Vanderburgh Cnty. Health Dep't*, 17 N.E.3d. 922, 928–29 (Ind. 2014). Although APRA exempts from disclosure (among

other things) records that would jeopardize the voting system if released, I.C. § 5-14-3-4(b)(10), APRA places the initial burden of proof on the non-disclosing public agency, I.C. § 5-14-3-1. APRA is therefore a powerful tool for ensuring government transparency and accountability.

Because APRA is enforced by the public, its efficacy depends on the public's ability to challenge an agency's denial of an APRA request. Therefore, APRA provides an attorney's fee award to "enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." *Miller v. W. Lafayette Cmty. Sch. Corp.*, 665 N.E.2d 905, 906 (Ind. 1996) (quoting *Kay v. Ehrler*, 499 U.S. 432, 436–38 (1991)). Specifically, APRA provides that, with certain exceptions not applicable here, in any action filed, "a court shall award reasonable attorney's fees, court costs, and other reasonable expenses of litigation to the prevailing party" (1) if the plaintiff in the action "*substantially prevails*" or (2) if "the defendant substantially prevails and the court finds the action was frivolous or vexatious." I.C. § 5-14-3-9(i) (emphasis added).[1]

Here, the issue is whether Nardi "substantially" prevailed, entitling him to mandatory attorney's fees. Nardi argues he "substantially" prevailed because he obtained a judicial order for the contract, the parties litigated for two years, he successfully obtained the judge's in-camera review of the documents, and he had no choice but to sue because the Division refused to disclose the contract even after the PAC recommended disclosure. The Division argues that Nardi did not "substantially" prevail because he only obtained one of the three documents he requested, and the document he did receive was highly redacted and mundane, telling him little about the voter-registration system and absentee voting.

---

[1] APRA also requires a plaintiff seeking attorney's fees to first obtain an advisory opinion or "informal inquiry response" from the PAC to be eligible for costs and fees. Ind. Code § 5-14-3-9(i). Nardi obtained an advisory opinion from the PAC here.

### A. Although Nardi did not obtain all the records he requested, the trial court did not abuse its discretion in finding Nardi substantially prevailed after he obtained a wrongfully withheld public record.

When interpreting a statute, the judiciary's "primary task is to give effect to the intent of the legislature." *Shepherd Props. Co. v. Int'l Union of Painters and Allied Trades, Dist. Council 91*, 972 N.E.2d 845, 852 (Ind. 2012). We give a statute's words their "plain meaning and consider the structure of the statute as a whole." *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016) (citing *West v. Off. of Ind. Sec'y of State*, 54 N.E.3d 349, 353 (Ind. 2016)). In order to determine the plain and ordinary meaning of a statutory term, we may consult English language dictionaries. *See State Bd. of Accts. v. Ind. Univ. Found.*, 647 N.E.2d 342, 347 (Ind. Ct. App. 1995), *trans. denied*; *see also* I.C. § 1-1-4-1(1) (setting forth rules of construction). We also read the statutory language "logically and consistently with the statute's underlying policy and goals." *Culver Cmty. Tchrs. Ass'n v. Ind. Educ. Emp. Rels. Bd.*, 174 N.E.3d 601, 604–05 (Ind. 2021) (internal citation and quotation marks omitted).

The ordinary definition of ''prevail'' is "to gain victory," and the technical definition is ''[t]o obtain the relief sought in an action.'' *Prevail*, Webster's 3d New Int'l Dictionary 1797 (Phillip Babcock Gove et al. eds., 2002); *Prevail*, Black's Law Dictionary 1380 (10th ed. 2014). But in the attorney's fees provision of APRA, the adverb "substantially" modifies the word "prevails." "Substantial" means "being that specified to a large degree or in the main" or "relating to the main part of something." *Substantial*, Webster's 3d New Int'l Dictionary 2280. Here, Nardi sought production of three records from the Division. Under the ordinary definition of "substantially," Nardi could "substantially" prevail by obtaining the requested relief "in the main" but not to the full extent originally sought. Therefore, Nardi *did not* need to obtain *all* the requested documents to "substantially" prevail.

This plain-language interpretation finds support in precedent from courts in Indiana and in other jurisdictions. In *Sullivan v. National Election*

*Defense Coalition*, the Court of Appeals held that the requesting party substantially prevailed after obtaining most, but not all, of the documents requested. 182 N.E.3d 859, 875–76 (Ind. Ct. App. 2022). And in *Meinecke v. Thyes*, the Wisconsin Court of Appeals held that a requester prevailed in "substantial part" after receiving 145 pages out of the 329 pages she requested. 963 N.W.2d 816, 818 & n.2 (Wis. Ct. App. 2021) (quoting Wis. Stat. § 19.37(1)). In *Gray Media Group, Inc, v. City of Charlotte*, the North Carolina Court of Appeals viewed the word "substantially" as "expand[ing] the class of parties entitled to attorneys' fees" to include those "that may not receive *all* requested relief but do obtain relief." 892 S.E.2d 629, 642 (N.C. Ct. App. 2023) (emphasis added).

This Court has also consulted the federal Freedom of Information Act (FOIA) to aid in construing functionally equivalent provisions of APRA. *See WTHR-TV v. Hamilton Se. Schs.*, 178 N.E.3d 1187, 1192 (Ind. 2022) (consulting FOIA case when interpreting APRA exclusion for certain public-employee-personnel files). Unlike APRA, FOIA defines when a party substantially prevails. Under FOIA, "a complainant has substantially prevailed if the complainant has obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Therefore, a judicial order compelling disclosure of wrongfully withheld records renders a plaintiff eligible for a fee award under FOIA. *See Elec. Priv. Info. Ctr. v. U.S. Drug Enf't Admin.*, 266 F. Supp. 3d 162, 167 (D.D.C. 2017). Relying on this federal precedent, the Wisconsin Court of Appeals in *Meinecke* concluded that the "substantially prevailed" "inquiry is whether the requester prevailed in obtaining access to *wrongfully withheld public records*, and thus, is eligible to recover fees." 962 N.W.2d at 821–22 (emphasis added).

In addition, prior decisions from our Court of Appeals have generally held that a plaintiff does *not* substantially prevail under APRA where an agency *did not* wrongfully withhold records. For example, in *Anderson v. Huntington County Board of Commissioners*, the court held that, even though

the agency voluntarily provided records, the plaintiff did not substantially prevail because the agency was not required to disclose the records since the plaintiff's requests were not reasonably particular. 983 N.E.2d 613, 615 (Ind. Ct. App. 2013), *trans. denied*. In *Woolley v. Washington Township of Marion County Small Claims Court*, the court held that the plaintiff did not substantially prevail because the affidavit obtained was not a "public record," making APRA inapplicable. 804 N.E.2d 761, 767–68 (Ind. Ct. App. 2004). And in *Rokita v. Tully*, the court held that the plaintiff did not substantially prevail where the agency was not required to disclose an informal advisory opinion under APRA. 235 N.E.3d 189, 202 & n.16 (Ind. Ct. App. 2024), *trans. denied*.

Considering persuasive authority from other jurisdictions and precedent from our Court of Appeals, we hold that the trial court here did not abuse its discretion in finding Nardi "substantially" prevailed by obtaining a *wrongfully withheld* public record, even though he received only a portion of all requested records. When the Division failed to disclose the contract, despite the PAC's recommendation otherwise, Nardi had no choice but to sue the Division to obtain the documents. The Division argued to the trial court that the documents were exempt from disclosure under Indiana Code section 5-14-3-4(b)(10), which covers "[a]dministrative or technical information that would jeopardize a record keeping system, voting system, voter registration system, or security system." But the trial court determined that portions of the contract did not fall under the exemption and ordered the Division to provide Nardi a redacted version of the contract.

Because the Division wrongfully withheld portions of the contract, and because Nardi successfully obtained the redacted contract, the trial court did not abuse its discretion in concluding that he "substantially" prevailed under APRA.

## B. We decline to adopt quantitative or qualitative measures in determining whether a party substantially prevails in an APRA request.

The Division advocates for the use of quantitative and qualitative measures to determine if a party "substantially prevails." But these measures pose practical problems for trial courts. The Division argues that, from a quantitative approach, Nardi did not substantially prevail because he did not recover "most" of the requested records. *Cf. Sullivan*, 182 N.E.3d at 875–76 (concluding plaintiff "substantially prevailed" by obtaining "most" of the requested records). But even if a plaintiff does not recover most of the requested documents, they could have still obtained the documents most important to them. The documents obtained could also have more pages or provide more information than the documents withheld. A quantitative approach would also discourage plaintiffs from combining claims. Had Nardi filed three separate lawsuits, he would have quantitatively prevailed on the lawsuit for the contract because he would have technically received all the documents he requested. Measuring the ratio of successful to unsuccessful requests is therefore inefficient.

The Division also argues that, from a qualitative approach, Nardi did not substantially prevail because the document he obtained was highly redacted, revealing little about the voting system. In a sworn declaration, Nardi explained that he "was interested in performing data analysis regarding absentee voting in recent Indiana Elections," and that he requested the documents from the Division to "make targeted requests to county clerk's offices for the data [he] needed." Appellant's App. Vol. 3, p. 26. Pointing to this disclosure, the Division argues that the redacted contract Nardi obtained did not give him the key data he needed to analyze absentee voting. But a person making an APRA request generally is not required to state a reason for their request. I.C. § 5-14-3-3(a) ("No request may be denied because the person making the request refuses to state the purpose of the request, unless such condition is required by other applicable statute."). Because a requester need not state their purpose, trial courts may be unable to determine if the records obtained further the

requester's goals. What's more, requiring trial courts to look at the purpose of the request before awarding attorney's fees would arguably chill the public exercise of rights under APRA, especially those parties conducting confidential investigations like journalists. This would contravene APRA's philosophy that the "government is the servant of the people and not their master." *See* I.C. § 5-14-3-1.

The General Assembly has commanded that APRA be "liberally construed" to implement its policy of providing citizens with broad and easy access to public records. *Id*. It has also broadened access to attorney's fees over time so that the members of the public will vindicate their rights under APRA. *See* Pub. L. No. 191-1999, § 2, 1999 Ind. Acts 1179, 1183 (codified at I.C. § 5-14-3-9(i)(1)) (amending APRA to make attorney's fees award mandatory instead of discretionary and removing the requirement that a public agency's APRA violation was "knowing or intentional" for a plaintiff to recover fees). The Division's quantitative and qualitative approach for determining when a party "substantially prevails" narrows the availability of attorney's fees, in opposition to APRA's policy and goals.

Having determined that the trial court did not abuse its discretion in concluding Nardi "substantially" prevailed, we turn to the calculation of reasonable attorney's fees.

## II. Nardi may recover attorney's fees for time spent on unsuccessful claims if it is indivisible from the time spent on the successful claim.

When a plaintiff substantially prevails, the court shall award "*reasonable* attorney's fees, courts costs, and other reasonable expenses of litigation." I.C. § 5-14-3-9(i) (emphasis added). The amount of attorney's fees recoverable is "left to the sound discretion of the trial court." *Franklin Coll. v. Turner*, 844 N.E.2d 99, 105 (Ind. Ct. App. 2006) (citing *Dempsey v. Carter*, 797 N.E.2d 268, 275 (Ind. Ct. App. 2003), *trans. denied*). In determining what is "reasonable," the trial court may consider factors like

the hourly rate, the difficulty of the issues, and the results achieved. *Id.* (citing *Olcott Int'l & Co. v. Micro Data Base Sys.*, 793 N.E.2d 1063, 1079 (Ind. Ct. App. 2003), *trans. denied*); *see also* Ind. Professional Conduct Rule 1.5(a). Therefore, "the level of a plaintiff's success is relevant to the amount of fees to be awarded." *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). And the fact "[t]hat a requester may have succeeded in obtaining access to some but not all of the records is an issue subject to the court's discretion in considering the amount of reasonable fees to be awarded." *Meinecke*, 963 N.W.2d at 819.

In its order awarding attorney's fees, the trial court observed that "Defendants acknowledge that Plaintiff has been successful in achieving at least one-third (1/3) of the relief he originally sought in bringing this cause of action," and that "an equitable determination in this matter would be to award him one-third (1/3rd) of the total amount of attorney's fees requested plus his costs and expenses." Appellant's App. Vol. 2, p. 19. Nardi argues that the trial court abused its discretion by mechanically reducing his attorney's fee award to one-third without calculating how much time his counsel spent on the successful claim for the contract, or determining if his unsuccessful claims were related to the successful claim. He also argues that because of the Division's common defense for each record, *see* I.C. § 5-14-3-4(b)(10), the time his counsel spent on the successful contract claim could not be divided from the time he spent on the unsuccessful claims. Mechanically reducing his award to one-third, Nardi submits, would also discourage litigants from consolidating claims. Had he only brought the claim for the contract, Nardi contends, he would have been entitled to the entire award.

Although "a plaintiff may not recover fees for time expended pursuing unsuccessful claims which are unrelated to those claims upon which the plaintiff ultimately prevailed," the plaintiff may recover "fees upon related claims." *Nagy v. Evansville-Vanderburgh Sch. Corp.*, 870 N.E.2d 12, 25 (Ind. Ct. App. 2007) (awarding attorney's fees for an unresolved federal due process claim because it was related to a successful state constitutional claim where both were intended to stop a school

corporation from charging a fee to all students), *trans. denied*. Unrelated claims are those that are "separate from the course of conduct which gave rise to the injury on which relief was granted," *id.*, while related claims involve a "common core of facts or related legal theories," *Jaffee v. Redmond*, 142 F.3d 409, 414 (7th Cir. 1998). In cases with related claims, "counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. Where a trial court finds that successful and unsuccessful claims are "so related that segregation is not reasonable, then it need not segregate the attorney fees." *O'Neill v. City of Shoreline*, 332 P.3d 1099, 1105 (Wash. Ct. App. 2014) (citation omitted) (awarding attorney's fees under Washington Public Records Act).

To guide trial courts when calculating attorney's fees under APRA where there are successful and unsuccessful claims, we offer the following analytical framework. The prevailing party that has "substantially" prevailed and seeks fees should present evidence to the trial court on the time spent on the successful claims and unsuccessful claims. The trial court should award attorney's fees for the time spent on the successful claims. If the trial court determines that the time spent on unsuccessful claims is so closely related to the time spent on successful claims that the time is indivisible, the trial court may also award attorney's fees for the unsuccessful claims.

Here, Nardi's counsel insists he would have spent the same amount of time on the case had he only litigated the successful contract claim instead of all three claims because the Division's common defense made the claims indivisible. Therefore, we remand to the trial court to make fact determinations on the relatedness of the claims. If it finds Nardi's unsuccessful claims indivisible from the successful ones, the trial court may award attorney's fees for all claims.

# Conclusion

Nardi requested three documents from the Division, and after over two years of litigation and an in-camera review, Nardi obtained a judicial order for one of the documents. We hold that the trial court did not abuse its discretion in concluding that Nardi "substantially" prevailed in his APRA request. But we remand to the trial court to recalculate the fee award after considering how much time Nardi spent on his successful claim and whether the time spent on the unsuccessful claims was indivisible from the time spent on the successful claim.

Affirmed in part, reversed in part, and remanded for further proceedings.[2]

Rush, C.J., and Massa, Slaughter, and Molter, JJ., concur.

ATTORNEYS FOR APPELLANT
William R. Groth
Daniel P. Bowman
Bowman & Vlink, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Theodore E. Rokita
Attorney General of Indiana

Benjamin M. Jones
Natalie F. Weiss
Deputy Attorneys General
Indianapolis, Indiana

---

[2] We thank amici for their helpful brief and oral argument to aid us in considering these issues.

ATTORNEY FOR AMICI CURIAE— REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, GANNETT, GRAY MEDIA GROUP, INDIANA BROADCASTERS ASSOCIATION, E.W. SCRIPPS CO., NEWS/MEDIA ALLIANCE, AND TEGNA
Kristopher L. Cundiff
Washington, DC